816 So.2d 955 (2002)
Teilla NOEL
v.
HOME HEALTH 2000, INC.
No. 01-1543.
Court of Appeal of Louisiana, Third Circuit.
May 8, 2002.
*956 Robert T. Jacques, Jr., Attorney At Law, Lake Charles, LA, for Plaintiff/Appellee Teilla L. Noel.
H. Douglas Hunter, Guglielmo, Lopez, Tuttle, Hunter & Jarrell, Opelousas, LA, for Defendant/Appellant Home Health 2000.
Court composed of HENRY L. YELVERTON, JOHN D. SAUNDERS, and JIMMIE C. PETERS, Judges.
YELVERTON, Judge.
In this workers' compensation matter, Home Health Care 2000 appeals the award of penalties and attorney fees to Teilla Noel for the failure to timely authorize medical tests and pain management services associated with a job-related injury sustained by Ms. Noel. For the following reasons, we affirm the judgment below.
Ms. Noel was employed as an office staff coordinator with Home Health Care 2000 when she fell from a step ladder while in the course and scope of her employment. As a result of the fall, she was knocked unconscious, suffered a closed head injury, and injured her lower back. Home Health Care 2000 began paying Ms. Noel benefits and for her medical treatment.
Ms. Noel came under the care of a neurosurgeon, Dr. William Foster, for her head, neck, and back injuries. After Ms. Noel had an unsuccessful stint with a pain management specialist, Dr. Foster referred her to another doctor, Dr. Charles Aprill, for a diskogram and an evaluation of her sacroiliac joint. Ms. Noel forwarded this referral to Home Health Care 2000, in July of 2000. A report prepared by Dr. Foster, again stating his desire to refer Ms. Noel to Dr. Aprill, was sent to Home Health Care 2000's insurance adjuster in October of 2000. In this report, Dr. Foster stated that he believed that this examination and treatment were essential for Ms. Noel's recovery. Home Health Care 2000 did not authorize the referral until May of 2001, when it was ordered to do so by a workers' compensation judge. The judge later awarded Ms. Noel $2,000 in penalties and $3,500 in attorney fees for the failure to timely authorize the treatment. From this decision, Home Health Care 2000 appeals.
Home Health Care 2000 states as their lone assignment of error that the trial court erred in awarding the penalties and attorney fees for the failure to timely authorize the diskogram and sacroiliac joint evaluation.
The law governing the furnishing of medical care, and the consequences of the refusal to authorize such care, is found in Louisiana Revised Statutes 23:1203 and 23:1201. 23:1203(A) states in pertinent part:
In every case coming under this Chapter, the employer shall furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public, or private facilities as will provide the injured employee with such necessary services.
Louisiana Revised Statute 23:1201(E) provides that: "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." Subsection (F) states that failure to comply with *957 this section "shall result in the assessment of a penalty ... together with reasonable attorney fees for each disputed claim."
The decision to impose penalties is a factual question, which will not be disturbed on appeal in the absence of manifest error. Spencer v. Gaylord Container Corp., 96-1230 (La.App. 1 Cir. 3/27/97), 693 So.2d 818. Louisiana courts have consistently held that failure to authorize a medical procedure for an employee eligible to receive workers' compensation is deemed to be a failure to furnish compensation benefits, thereby triggering the penalty provisions of the Louisiana Workers' Compensation Act. Gay v. Georgia Pacific Corp., 32,653 (La.App. 2 Cir. 12/22/99), 754 So.2d 1101. Penalties and attorney fees for failure to timely pay benefits will be assessed against an employer or insurer unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer or insurer had no control. La.R.S. 23:1201; Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885. The supreme court in Brown went on to state that:
in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.
Brown, 721 So.2d at 890.
In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Stobart v. State Through DOTD, 617 So.2d 880 (La.1993); Mart v. Hill, 505 So.2d 1120 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d 880. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).
The workers' compensation judge held that Home Health Care 2000 failed to reasonably controvert Ms. Noel's claim. The delay in this matter was well over the sixty days allowed by La.R.S. 23:1201(E). Although some conflicting evidence was presented concerning the medical necessity of the evaluation, the workers' compensation judge found that Home Health Care 2000 had not reasonably controverted Ms. Noel's entitlement. There is nothing in the record to suggest that this finding is manifestly erroneous.
Ms. Noel states in her brief that she deserves more attorney fees under the current jurisprudence, rather than the $3,500 awarded. However, as she did not answer Home Health Care 2000's appeal, nor did she herself take an appeal, no claim for relief by her can be addressed by this court. Therefore, the award of penalties and attorney fees is affirmed. Costs of this appeal are assessed against Home Health Care 2000.
AFFIRMED.