bDAVID S. GORBATY, Judge.
In this appeal, defendants New Orleans Glass aver that the workers’ compensation judge erred in finding that plaintiff sustained a work-related accident and in finding that defendant arbitrarily and capriciously failed to pay benefits to the plaintiff, Ernest Hucke. For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

On April 26, 2002, plaintiff was doing lay-out work and welding at St. Charles Condominiums. At the end of the day, plaintiff was required to put his tools in what is called a gang box, which is located on the ninth floor of the building. On that particular day, the elevators were turned off, so plaintiff carried his gear, which included his tools, lunch box, tripod, plans, etc., which he estimated to weigh approximately seventy pounds, and walked up seven flights of stairs.
The following day, plaintiffs neck was sore. The pain allegedly worsened until plaintiff sought treatment at West Jefferson Hospital on April 28, 2002, and continued to treat with Drs. Patterson and Sel-zer, among others. Mr. Hucke was ^ultimately unable to continue his employment and only recently has been allowed by Dr. Selzer to perform some limited duty tasks.
According to plaintiff, there was no particular moment when he realized he was injured, but during this activity, he felt something happen. He did not tell his supervisor that he was injured, since initially he did not feel that he had suffered an injury.
In June 2002, plaintiff filed a Disputed Claim for Compensation with the Office of Workers’ Compensation against New Orleans Glass, Inc. Defendant filed a Motion for Summary Judgment, averring that no compensable accident occurred pursuant to the Louisiana Workers’ Compensation Act. The motion was denied. Defendant took a writ seeking -review of the denial. This court denied the writ. After a trial on the merits, the trial judge issued judgment in favor of the plaintiff, finding that claimant was involved in a compensable accident. The trial judge further decreed that defendant was arbitrary and capricious in failing to pay workers’ compensation benefits to plaintiff, and assessed attorneys’ fees of $15,000.00 and penalties of $10,000.00.
Defendant subsequently filed this appeal, which plaintiff has answered.

DISCUSSION

Defendant asserts that the trial judge erred in ruling that plaintiff sustained a work-related accident as defined by the Louisiana Worker’s Compensation Act. Defendant also avers that the trial judge erred in failing to rule that plaintiff did not submit the requisite evidence at trial to substantiate a work-related accident.
Defendant argues that plaintiff failed to prove that he suffered an “accident” as a result of walking up and down the stairs. La. R.S. 23:1021(1) defines an “accident” as “an unexpected or unforeseen actual, identifiable, precipitous event |3happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” Plaintiff did not establish an actual, identifiable, or precipitous event that occurred suddenly or violently, which produced, at that time, an objective finding of an injury, as required by R.S. 23:1021(1), or discussed in Thompson v. Orleans Parish School Board, 2000-1230 (La.App. 4 Cir. 3/21/01), 786 So.2d 128. Mere speculation is insufficient to conclude that plaintiffs neck pain on April 28, 2002 was caused by walking up a staircase at work on April 26, 2002, *169 defendant argues. There was no objective manifestation indicating plaintiff sustained an injury while walking up a stairway. Mr. Hucke merely speculated that he injured his back while walking up a stairway.
An Office of Workers’ Compensation hearing officer’s findings are subject to the same standard of review, manifest error, as a trial court’s. Alexander v. Pellerin Marble Granite, 93-1698 (La.1/14/94), 630 So.2d 706. Under this standard, the reviewing court does not ask whether the factfinder is right or wrong, but whether its conclusion was reasonable. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993). The factual finding regarding whether a workers’ compensation claimant has met his burden of proving disability must be given great weight and will not be overturned on appeal absent manifest error. If there is evidence before the Workers’ Compensation judge that furnishes a reasonable factual basis for such a finding, the judge’s determination of facts will not be disturbed on appeal. Moreover, where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review. Porter v. Gaylord Chemical Corp., 1998-0222 (La.App. 1 Cir. 9/25/98), 721 So.2d 27.
Sears v. Berg, 99-457 (La.App. 5 Cir. 9/28/99), 742 So.2d 760, dealt with a similar issue to the one at hand. In Sears, plaintiff was assigned to clean a cooling tower on Sunday. He began work at six o’clock in the morning and worked all day shoveling in a bent over position. At the end of the day, Mr. Sears was exhausted and almost numb. The next morning, he had pain in his lower back, but returned to work on Monday anyway. Thinking the pain might go away, he did not report it to his supervisor, but merely mentioned it to a coworker. The pain continued, and on Saturday, Mr. Sears was in such severe pain that he had to be taken to the emergency room. A CT scan revealed a ruptured disc. The Sears court addressed the issue of whether a compensable injury had occurred:
In Perilloux v. Brown Root, Inc., 96-321 (La.App. 5 Cir.10/1/96), 692 So.2d 1100, 1102-03, we addressed the identical issue in a factually-similar situation and held:
In the present case, we are asked to determine the correctness of the workmen’s compensation judge’s exclusion of Perilloux’s claim on the basis that his injuries were not compensable because they were the result of a gradual deterioration that occurred over a period of time. In Barrilleaux,[1] a sedentary worker began to lift boxes and perform other such work. While this work was ongoing, she began to experience back pain which grew progressively worse over a period of six weeks. After working in pain for six weeks, the claimant stopped working. In Barrilleaux, this Court held as follows: In the instant case we find the evidence supports the finding that the claimant was injured by a series of small strains and sprains of her back over a relatively short and clearly definable period of time. There is a definite point in time at which the claimant’s job description changed and the injuries began which is sufficient to constitute the occurrence of an identifiable, work related event within the meaning of the statute.
Id. at 764-765.
The Fifth Circuit ultimately concluded that a compensable injury had occurred, *170 holding, “We do not agree with any suggestion or case interpretation that the amendments to Section 1021(1) were meant to exclude from compensation | ^coverage people who are worn down by their work rather than immediately crippled by it.”
Likewise, in the matter before us, plaintiffs testimony at trial was that he carried approximately seventy pounds of tools up seven flights of stairs. This activity was not normally part of his job. The next morning, plaintiff experienced pain. His treating physicians causally related these actions to his injuries. Even though plaintiff did not know the exact moment of his injury, we find that he clearly suffered a work-related accident under La. R.S. 23:1021(1). There was a clearly defined incident that led to his injury, and this is sufficient to meet the statutory requirements. Further, the hearing officer' specifically found that plaintiff was credible. We cannot say that these findings are manifestly erroneous. These assignments of error are without merit.
Defendant next contends that the trial judge erred in ruling that it was arbitrary and capricious in failing to pay worker’s compensation benefits to the claimant. Further, the judge erred in concluding that defendant did not reasonably controvert the claim. Additionally, the penalties and attorneys’ fees assessed by the trial judge were not warranted and excessive.
Defendant asserts that a worker’s compensation claim is reasonably controverted, precluding imposition of penalties, if the employer has sufficient factual and medical information upon which to base a decision for worker’s compensation. Menard v. Winn Dixie Louisiana, Inc., 93-1497 (La.App. 3 Cir. 6/1/94), 640 So.2d 775. There is an issue as to whether an accident occurred, so defendant was -not arbitrary and capricious in failing to extend worker’s compensation benefits, defendant avers.
(¡Determination of whether the de nial of workers’ compensation beneffe is arbitrary, capricious, and without probable cause, so as to warrant award of attorney fees and penalties, depends primarily upon the facts existing and known to the employer at the time the employer denies benefits, and the determination is essentially a question of' fact. Mayo v. CASCO Const. Co., Inc., 30,343 (La.App. 2 Cir.4/8/98), 712 So.2d 169. As discussed earlier, the trial judges fact findings cannot be disturbed on appeal absent manifest error. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880 (La.1993).
In the case sub judice, defendant was well aware of Mr. Huckes injury since at least May 2, 2002, when he filled out a report of injury at the office. There has been no contrary evidence that he did not suffer an injury, or that plaintiff is not disabled. After Mr. Hucke reported the incident to his employer, the company sent him to their choice of physician, Dr. Patterson, who agreed plaintiff needed treatment and placed him off work. Defendant still refused to acknowledge the accident as compensable, solely because Mr. Hucke could not point to a specific moment in time when the injury occurred. In light of the facts and evidence presented at trial, we find that the trial judge was not manifestly erroneous in concluding that defendant acted arbitrarily and capriciously in denying plaintiff benefits. This assignment of error has no merit.

ANSWER TO THE APPEAL

Plaintiff has answered the appeal requesting additional attorneys’ fees for preparing for and defending the appeal. A workers’ compensation claimant who timely answers the appeal is entitled *171 to increased attorney fees and penalties to reflect additional time incurred in defending against employer/insurer’s unsuccessful appeal, especially where the claimant makes a clear showing of the 17employer’s arbitrary and capricious refusal to pay the claim. Rapp v. City of New Orleans, 1998-1714 (La.App. 4 Cir. 12/29/99), 750 So.2d 1130. A workers’ compensation claimant was entitled to additional $3,000 in attorney fees for appeal, where employer appealed, obtained no relief, and appeal required additional work of the claimant’s counsel. Weiss v. Nikon, Inc., 1999-0111 (La.App. 4 Cir. 9/22/99), 745 So.2d 84. Accordingly, we award an additional $3,000.00 in attorneys’ fees to cover the cost of defending the appeal.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Barrilleaux v. Dryades Savings Loan Association, 94-956 (La.App. 5 Cir.3/28/95), 653 So.2d 690, writ denied, 95-1041 (La.6/2/95), 654 So.2d 1113.