951 So.2d 263 (2006)
Francis J. BERTRAND
v.
THE DOW CHEMICAL COMPANY.
No. 2005 CA 1246.
Court of Appeal of Louisiana, First Circuit.
December 20, 2006.
*265 C. Jerome D'Aquila, New Roads, for Plaintiff-Appellee Francis J. Bertrand.
Gregory E. Bodin, Phillip E. Foco, Edward D. Hughes, Taylor, Porter, Brooks & Phillips, L.L.P., Baton Rouge, for Defendant-Appellant The Dow Chemical Co.
Before: PARRO, McDONALD, and HUGHES, JJ.
PARRO, J.
An employer appeals from a judgment of the Office of Workers' Compensation Administration,[1] which awarded indemnity benefits, medical benefits, penalties, and attorney fees in favor of its employee. For the following reasons, we affirm the awards of indemnity and medical benefits and reverse the awards of penalties and attorney fees.

Facts and Procedural History
On October 29, 1994, Francis J. Bertrand (Bertrand) suffered a work-related accident and injury to his left knee in the nature of a cut during the course and scope of his employment with The Dow Chemical Company (Dow). After six weeks at light duty, he returned to full duty. No workers' compensation benefits were paid for that injury. On September 10, 2003, almost nine years later while in his twenty-fifth year of employment with Dow, Bertrand filed a disputed claim in connection with an accident that allegedly occurred on March 17 or 18, 2003, when he experienced extreme pain and swelling in *266 his left knee after repeatedly climbing flights of stairs to attend to problems that were occurring with a particular reactor at the plant. No workers' compensation benefits were paid for this claim.
After a trial, the workers' compensation judge (WCJ) determined that Bertrand had suffered a compensable injury on March 17, 2003, and awarded supplemental earnings benefits, medical benefits, penalties, and attorney fees. Dow appealed, contending that the WCJ erred in failing to find that Bertrand's claim for benefits had prescribed, in finding that Dow acted arbitrarily and capriciously in denying Bertrand's claim for benefits, and in ordering an excessive award of $6,000 in attorney fees.

Occurrence of an Accident
Dow argued that there was insufficient evidence of a new "accident" occurring on March 17, 2003, and that Bertrand's claim resulting from the 1994 accident and injury had prescribed under the "developing injury" rule.
The claimant in a workers' compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Bruno v. Harbert Int'l Inc., 593 So.2d 357, 361 (La. 1992). Louisiana Revised Statute 23:1021(1) defines an accident as "an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." This provision excludes from the definition of "accident" conditions that are caused by a gradual or progressive deterioration. See Hudson v. Housing Authority of New Orleans, 04-0744 (La.App. 4th Cir.10/27/04), 909 So.2d 607, 610. However, the mere presence of a gradual or deteriorating condition does not preclude a claimant from recovering workers' compensation benefits. Jackson v. Savant Ins. Co., 96-1424 (La.App. 1st Cir.5/9/97), 694 So.2d 1178, 1183. An otherwise healthy employee with a preexisting condition is entitled to benefits if he can prove that his work contributed to, aggravated, or accelerated his injury. Dyson v. State Employees Group Benefits Program, 610 So.2d 953, 955 (La.App. 1st Cir.1992).
Dow's argument focuses on the testimony of Bertrand's treating orthopedic surgeon, Dr. Joseph E. Broyles, which related the presence of an osteochondral lesion in Bertrand's left knee to the 1994 trauma. Dr. Broyles explained that an osteochondral lesion results in a bone experiencing more changes with stresses and causes the area to enlarge, likely becoming more symptomatic with time, ultimately resulting in arthritis of the knee. Based on Dr. Broyles's testimony to that effect, Dow submitted that Bertrand's knee injury was caused by trauma associated with the 1994 accident, and the resulting disability was caused by the gradual deterioration of that condition over time. Dow maintained that since Bertrand's disability resulted from a gradual deterioration, he was unable to present sufficient evidence to prove that he suffered an accident in March 2003 within the meaning of LSA-R.S. 23:1021(1).
However, if the claimant is able to identify an event marking the time the injury occurred, or the symptoms arose or suddenly or markedly increased in severity, even if such an event occurs during the performance of customary or routine work activities, the employee has established an "accident" within the meaning of LSA-R.S. 23:1021(1). Begue v. Crossover, Inc., 03-0267 (La.App. 1st Cir.11/21/03), 868 So.2d 100, 105; see Hudson, 909 So.2d at 610; Richard v. Workover & Completion, *267 00-0794 (La.App. 3rd Cir.12/6/00), 774 So.2d 361, 364.
On the night of March 17, 2003, Bertrand, who was in charge of operations of the whole polyethylene plant, was working in a certain area in the plant, because of problems with a reactor. In order to reach the reactor, he had to climb approximately 50 to 60 steps to the second floor of the extrusion building. Normally, his job did not require him to go up and down these steps. He had traversed the steps many times that night in an effort to keep the reactor running when he experienced swelling and his leg began to hurt. The pain worsened, and by the middle of his twelve-hour shift, he could no longer endure the pain. At that point, Bertrand went to the control room and reported that he would be leaving work early and visiting his doctor in the morning.
Admittedly, he had experienced some pain in his knee when doing certain activities prior to March 17; however, the problem with his left knee was not significant and had not prevented him from doing his job. He had never before experienced pain and swelling to the extent that he did on the night of March 17. On the morning of March 18, he could no longer walk on his left leg.
Furthermore, Dr. Broyles's notes of Bertrand's first visit on March 31, 2003, indicated the following: Bertrand reported that he started having pain in his left knee in the middle of February 2003; two weeks later, his knee began to swell; Dr. Broyles's examination of Bertrand revealed a small amount of fluid on the knee, tenderness at the medial joint line, and a sudden, relatively recent exacerbation of symptoms; Dr. Broyles's diagnosis following an MRI was an osteochondral lesion on the medial side of Bertrand's left knee, which Dr. Broyles related to the 1994 trauma to Bertrand's knee. According to Dr. Broyles, walking up and down steps would not have caused such a lesion; however, he opined that the excessive walking and excessive climbing on March 17, 2003, could have precipitated an aggravation of the condition of the lesion. Dr. Broyles's records of an April 11, 2003 visit by Bertrand indicated that the marrow edema in the medial femoral condyle could be a stress reaction within the bone from the ladder-climbing and such other activity that Bertrand had been recently doing as part of his job. Dr. Broyles indicated that this recent activity could have exacerbated Bertrand's pre-existing condition.
After considering the evidence and finding Bertrand to be a very credible witness, the WCJ found that Bertrand's increased pain and swelling was caused by the increased use of the stairs at work due to the problems with a particular reactor. Although Bertrand had previously been placed on light duty and was restricted from doing ladder or scaffold work and frequent stair climbing, the WCJ found that Bertrand was working at full duty on March 17. The WCJ found that the pain and swelling he experienced on March 17 after having gone up and down 50 to 60 steps repeatedly to do his work was of a nature different from what he had experienced in the past. Based on this evidence, the WCJ found that the event that took place on March 17, 2003, amounted to an accident as defined by the statute, relying on Begue, 868 So.2d 100.
The determination of whether an accident occurred is a finding of fact. See Bruno, 593 So.2d at 364. Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161, 1164. In applying the manifest error or clearly wrong standard, the appellate court must determine not *268 whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Id.
Bertrand first began experiencing swelling and pain in his left knee in the middle of February 2003. The symptoms persisted and increased until eventually, on March 17, 2003, Bertrand experienced a sudden and marked increase in his symptoms of pain and swelling in his left knee while climbing and descending steps in an effort to keep the reactor running. This work-related activity, which triggered an aggravation of Bertrand's pre-existing osteochondral lesion, constitutes an "accident" within the meaning of LSA-R.S. 23:1021(1) and the controlling jurisprudence interpreting that statutory provision, which we are constrained to follow. See Begue, 868 So.2d at 107. Based on the evidence in the record, we are unable to find that the WCJ manifestly erred in finding that Bertrand had shown by a preponderance of the evidence that a work-related accident occurred.

Penalties and Attorney Fees
At the time of Bertrand's accident, the applicable statutory authority for assessing an employer with penalties and attorney fees depended on whether the employer failed to commence the payment of benefits in a timely fashion or discontinued benefits that had been timely paid. Russell v. Snelling Personnel, 02-1347 (La.App. 1st Cir.5/9/03), 849 So.2d 588, 591. Penalties and attorney fees were recoverable under LSA-R.S. 23:1201(F) if the employer or insurer failed to commence payment of benefits timely or failed to pay continued installments of indemnity benefits or medical benefits timely, unless the claim was reasonably controverted.[2] Attorney fees, but not penalties, were recoverable under LSA-R.S. 23:1201.2 if the employer or insurer arbitrarily and capriciously discontinued payment of benefits due.[3]Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41, 44. These statutes provided for the imposition of penalties and attorney fees to discourage indifference and undesirable conduct by employers and insurers and were essentially penal in nature. Although the workers' compensation law is to be liberally construed with regard to benefits, penal statutes are to be strictly construed. Cooper v. St. Tammany Parish School Board, 02-2433 (La.App. 1st Cir.11/7/03), 862 So.2d 1001, 1009, writ denied, 04-0434 (La.4/23/04), 870 So.2d 300. The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact, and the trial court's finding shall not be disturbed absent manifest error. Authement v. Shappert Eng'g, 02-1631 (La.2/25/03), 840 So.2d 1181, 1188. The crucial inquiry in making this determination is whether the employer had an objective reason to deny benefits. Id.
Since this case involves a failure to pay benefits by Dow, the applicable provision is LSA-R.S. 23:1201(F), as it existed prior to the 2003 amendment, which requires that the claim be reasonably controverted to avoid penalties and attorney fees. The WCJ's oral reasons indicated that the award of penalties and attorney fees was based on a finding that Dow was arbitrary and capricious in falling to pay workers' compensation benefits. The WCJ's use of the phrase "arbitrary and *269 capricious" in his oral reasons for judgment implies that former LSA-R.S. 23:1201.2 or current LSA-R.S. 23:1201(I) pertaining to the discontinuance of payments was utilized by the WCJ in his decision to award penalties and attorney fees against Dow. We conclude that the WCJ committed legal error in applying the wrong statute. See Authement v. Wal-Mart, 02-2434 (La.App. 1st Cir.9/26/03), 857 So.2d 564, 573. Utilizing the appropriate version of LSA-R.S. 23:1201(F), we must, in light of the legal error by the WCJ, make our own independent de novo review and assessment of the record to determine whether Dow's actions warrant the imposition of penalties and attorney fees. See Id. at 574.
In order to reasonably controvert a claim, the employer or its insurer must have some valid reason or evidence upon which to base its denial of benefits. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 890. To determine whether the employee's right to benefits has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under LSA-R.S. 23:1201(F), a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the employee throughout the time it refused to pay all or part of the benefits allegedly owed. Id. Therefore, the issue is not whether a compensable injury in fact occurred, but whether Dow had any legal or factual basis for refusing to pay medical and indemnity benefits following Bertrand's aggravation of the osteochondral lesion in his left knee.
Dow denied Bertrand's claim for workers' compensation benefits, because it did not believe that an accident, as defined by LSA-R.S. 23:1021(1), had occurred. Reasonable support for Dow's belief that Bertrand's disability resulted from a gradual deterioration or progressive degeneration secondary to the injury that was sustained in the 1994 accident instead of a new accident can be found in a statement given by Bertrand, as well as the notes of the various doctors from whom Bertrand sought treatment before and after March 17, 2003. With a gradual deterioration or progressive degeneration being excluded from the definition of accident in LSA-R.S. 23:1021(1) and with no payment of benefits and more than two years having passed since the 1994 accident that gave rise to this alleged developmental injury,[4] Dow would not have been liable to Bertrand for workers' compensation benefits. Therefore, based on our de novo review, we conclude that Dow had a valid legal reason and evidence upon which to base the denial of benefits, thus Dow should not have been assessed penalties and attorney fees in this matter.

Decree
For the foregoing reasons, those portions of the judgment of the Office of Workers' Compensation Administration that awarded penalties and attorney fees for Dow's failure to pay workers' compensation benefits is reversed.[5] Otherwise, the judgment is affirmed. Costs of this appeal are assessed to The Dow Chemical Company.
AFFIRMED IN PART AND REVERSED IN PART.
*270 HUGHES, J., dissenting in part.
I respectfully dissent in the reversal of the award of penalties and attorney fees, and would affirm the judgment in its entirety. Although the WCJ may have applied the wrong standard, the record shows that defendant should have recognized the accident for which we affirm benefits, and did not have grounds to reasonably controvert payment.
NOTES
[1] Honorable Jason G. Ourso of District 5 presided in this matter.
[2] LSA-R.S. 23:1201(F) has since been amended by 2003 La. Acts, No. 1204, § 1, effective August 15, 2003.
[3] LSA-R.S. 23:1201.2 was repealed by 2003 La. Acts, No. 1204, § 2, effective August 15, 2003. The substance of former LSA-R.S. 23:1201.2 is now addressed in LSA-R.S. 23:1201(I).
[4] See LSA-R.S. 23:1209(A).
[5] The reversal of the award of attorney fees renders Dow's assignment of error regarding the excessiveness of such an award moot. Thus, we pretermit discussion of that issue.