973 So.2d 803 (2007)
Carmen HAMILTON
v.
COMPASS GROUP USA/MORRISON.
No. 07-CA-501.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
*804 James E. Vinturella, Lewis & Caplan, New Orleans, Louisiana, for Plaintiff/Appellee.
Richard S. Vale, Corey Fitzpatrick, Blue Williams, L.L.P. Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and CLARENCE E. McMANUS.
THOMAS F. DALEY, Judge.
In this workers' compensation suit, defendant, Compass/Morrison Cafeteria, appeals the trial court's finding that claimant, Carmen Hamilton, suffered a compensable workplace accident. They argue that the alleged accident was unwitnessed and uncorroborated. Second, defendant appeals the trial court's award of penalties and attorney's fees under LSA-R.S. 23:1201(F). The trial court, in its judgment, specifically stated that he based his judgment upon the credibility of the witnesses. After thorough review of the record and applicable law, we affirm.
The record reveals that Carmen Hamilton was employed on February 21, 2005, the date of the alleged workplace accident, by Compass/Morrison Cafeteria at Kenner Regional Hospital as a hostess. She was 58 years old. Compass provided in-patient food service to the hospital. Hamilton's job as hostess was to load the patient food trays on to a large metal cart and deliver them to the patients in their rooms. Hamilton testified that the carts were very heavy. Hamilton testified that as she was delivering lunch trays, she heard a "pop" in her back and then felt excruciating pain going down into both of her legs. She stated that she finished delivering the trays, and then found Ms. Roseanne Lee, her supervisor, and told her of the incident. Hamilton then left to see her doctor, Dr. Blasini. However, there was no appointment available, so Hamilton returned to Dr. Blasini's office the next day, where she was "fit in" to the appointment schedule.
Hamilton testified that she completed the 10th grade. She had worked at Kenner Regional Hospital for four months. Prior to that, she was employed by Compass at Doctors' Hospital in the same position. Other past jobs included janitorial work at a high school.
Ms. Roseanne Lee agreed that Mrs. Hamilton found her on that day and told her that her back was hurting her and that she had to see her doctor. She testified that she specifically asked Hamilton if she hurt her back at work, to which Hamilton replied "no" and said that she had prior back problems. Ms. Lee, therefore, did not fill out the customary accident/injury report. Based upon this discrepancy, Compass denied coverage and has paid claimant no workers' compensation benefits or medical benefits.
*805 Hamilton was initially treated by. Dr. Blasini, who diagnosed acute disc herniation. She gave Hamilton a shot for pain, prescribed bed rest, and gave Hamilton a doctor's excuse that said she should not work, which Hamilton's husband brought to Ms. Lee. Dr. Blasini also recommended an MRI.
In Dr. Blasini's office notes of the initial visit on February 22, 2005, there is no notation that Hamilton told her she hurt herself at work. In every other office visit note, however, Dr. Blasini reports that Hamilton hurt her back at work. Likewise, the treatment notes from the physical therapist and MRI appointment all note that Hamilton reported hurting her back at work.
Hamilton testified that she had been in an auto accident about two years before this incident, but had hurt her neck, not her back. She also described a prior workers' compensation claim for sinus problems. The records of these incidents, plus Hamilton's prior medical records, were subpoenaed by Compass during the discovery process. Hamilton also testified that she underwent a pre-employment physical prior to working at Kenner Regional, which she passed, or she would not have been cleared to work.
Hamilton testified that she has not returned to work since the injury, and no doctor has told her she can return to work.
Ms. Roseanne Lee, who was the Director of Food and Nutrition at Kenner Regional Hospital and Hamilton's direct supervisor, testified next. She said that Hamilton was a good employee. She remembered Hamilton reporting to her that her back hurt and that she needed to leave to try to see her doctor. She testified that she specifically asked Hamilton if she hurt herself at work, to which she remembered Hamilton replied "no." Lee also testified that Hamilton said she had previous back problems.
Lee testified that in the seven years she had been a food service director, she might have had ten (10) total claims of employee injuries. She testified that she did not follow her usual reporting procedure because Hamilton denied having a work injury. She admitted receiving the doctor's excuse from Hamilton's husband. She also said that no one else in her employ had ever reported a back injury while pushing the cart. On cross, Lee admitted that the cart was large and heavy, and that other employees had complained about the weight of the cart.
Lee testified that she knew that Hamilton had passed her pre-employment physical. She could not explain why those records had not been produced to claimant in discovery as requested. She admitted that Hamilton's personnel records, which contained the results of the pre-employment physical, had been located in her office and were under her control until she left that employment in September of 2005. Lee she denied ever being asked by defense counsel to produce them. She also admitted that no one else at the hospital could have completed the necessary accident form, and that Hamilton could not have completed it herself.
On cross, Lee was not aware that Dr. Blasini's office notes from Hamilton's second appointment clearly referenced a work-related accident. She also admitted, on cross examination, that she was not aware that Hamilton reported a work-related injury to every doctor she saw in connection with this case. She testified that she was also not aware of Hamilton's statement to Sylvia Lopez, the insurance adjustor, which described a work-related accident on this date.
*806 DISCUSSION
The Third Circuit, in Monceaux v. R & R Construction, Inc.,[1] had occasion to address both the standard of review and a claimant's burden of proof in workers' compensation cases involving unwitnessed accidents. In that case, the court said:
In Dean v. Southmark Construction, 03-1051, p. 7 (La.7/6/04), 879 So.2d 112, 117, the Supreme Court discussed the standard of review in workers' compensation cases:
In worker's compensation cases, the appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. Brown v. Coastal Construction & Engineering, Inc., 96-2705 (La.App. 1 Cir. 11/7/97), 704 So.2d 8, 10, (citing Alexander v. Pellerin Marble & Granite, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 710). * * * Where there is conflict in the testimony, reasonable, evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Robinson v. North American Salt Co., 02-1869 (La.App. 1 Cir.2003), 865 So.2d 98, 105.
* * *
Recently, this court addressed a claimant's burden in proving the [sic] he/she suffered a work-related accident:
In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment." La.R.S. 23:1031(A). An "accident" is defined as an "unexpected or unforseen [sic] actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration." La.R.S. 23:1021(1).
The Louisiana Supreme Court, in Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992), expounded on what proof will satisfy an employee's burden in proving a work-related injury:
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers' Compensation, § 253 (2d Ed.1980). Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Malone & Johnson, supra; Nelson v. Roadway Express, Inc., 588 So.2d 350 (La. 1991). Corroboration may also be provided by medical evidence. West, supra.
* * *
The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly *807 wrong or absent a showing of manifest error. Gonzales v. Babco Farm, Inc., 535 So.2d 822, 824 (La.App. 2d Cir.), writ denied, 536 So.2d 1200 (La. 1988) (collecting cases).
Monceaux, 05-533, pp. 6-8 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, 798-800 (emphasis added).
Compass relies upon the following discrepancies to support their denial of Hamilton's claims. First, they note that there were no witnesses to the accident. Second, they note that in the recorded statement Hamilton gave to Ms. Lopez, Compass's adjustor, on March 2005, she couldn't remember exactly what time the accident happened, whereas at trial, Hamilton stated that the accident happened between 12:00 p.m. and 12:30 p.m. because it occurred while she was delivering lunch trays, and they usually started delivering lunch around 12:00 p.m. (On cross examination, Hamilton again stated that she was not sure of the exact time the accident happened.) Third, they point to Ms. Lee's testimony wherein she specifically recalled Hamilton denying that a workplace accident or injury occurred. Fourth, they note that nowhere in Dr. Blasini's office notes for February 22, 2005, Hamilton's first visit the day after the alleged injury, does it state that Hamilton sustained a work-related injury.
As discussed above, a worker's, testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. The fact that the accident was unwitnessed does not, in and of itself, defeat Hamilton's claim.
Our review of the testimony and evidence shows that the discrepancies upon which Compass relied to deny Hamilton's claim are minor and do not cast serious doubt upon Hamilton's version of the event. Hamilton has claimed that she sustained her injury while delivering the lunch trays, which she stated took place at the same time each day, between 12:00 p.m. and 12:30 p.m. Ms. Lee, Hamilton's supervisor, confirmed that Hamilton reported her back pain to her that day following delivery of the lunch trays. Hamilton's inability to remember the exact time the incident occurred is not a discrepancy that casts doubt on her version of events.
Further, Hamilton's testimony is corroborated by circumstances following the alleged incident. All of her treating physicians and the MRI report confirm that Hamilton, told them she hurt her back at work. Compass points to the absence of that fact in Dr. Blasini's office notes from claimant's first visit on February 22, 2005. It is true that the doctor's notes do not state that Hamilton reported a work-related accident, but that omission was explained by the fact that on that day, Hamilton did not have an appointment and was fit into a full appointment schedule. We find, as did the trial court presumably did, that this is minor discrepancy in the doctor's record keeping does not seriously challenge the credibility of claimant's version of events, given the consistency of the rest of the reports.
Finally, defendant argues that Lee's version of the events contradicts Hamilton's; specifically, that Lee testified that Hamilton specifically told her it was not a work-related injury, but was a pre-existing back complaint. Hamilton was emphatic in her testimony that she told Lee that she had hurt her back at work. The trial court was required to assess the credibility of the witnesses. In the judgment, the *808 trial court specifically stated that he observed the witnesses' demeanors, and found Hamilton to be a credible witness, but he found Lee was not.
As noted above, when findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings. After considering the testimony and evidence, and the standard of review, this Court declines to overturn the trial court's finding of facts based upon these credibility determinations. We find no manifest error in the trial court's ruling that Carmen Hamilton sustained a work-related, compensable injury.
Next, defendant appeals the trial court's assessment of penalties and attorney's fees, under LSA-R.S. 23:1201(F), for failure to reasonably controvert the claim.
Recently, the Second. Circuit, in Lee v. Heritage Manor of Bossier City, 41,828 (La.App. 2 Cir. 3/14/07), 954 So.2d 276, 283-284, writ denied, 07-0736 (La.5/18/07), 957 So.2d 157, discussed the application of this statute:
La. R.S. 23:1201(F) provides for the assessment of a penalty and reasonable attorney fees against the employer or insurer for the failure to timely commence or timely continue paying benefits unless the claim is reasonably controverted or if the nonpayment results from conditions over which the employer or insurer had no control. The meaning of "reasonably controverted" in the context of this statute was addressed in Brown v. Texas-LA Cartage Inc., 98-1063, p. 9 (La.12/1/98), 721 So.2d 885, 890:
In general, one can surmise from the plain meaning of the words making up the phrase "reasonably controvert" that in order to reasonably controvert a claim, the defendant must have some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant's right has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer or his insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay all or part of the benefits allegedly owed.
Awards of penalties and attorney fees in workers' compensation cases are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Williams v. Rush Masonry, Inc., 98-2271 (La.6/29/99), 737 So.2d 41; Sharbono v. Steve Lang & Son Loggers, 97-0110 (La.7/1/97), 696 So.2d 1382. Although the Workers' Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Williams, supra.
The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact, and the trial court's finding shall not be disturbed absent manifest error. The crucial inquiry in making this determination is whether the employer had an objective reason to deny benefits. Bertrand v. Dow Chemical Co., 05-1246 (La.App. 1 Cir. 12/20/06), 951 So.2d 263, writ denied, 07-0098 (La.3/9/07), 949 So.2d 453.
In denying the claim, the record shows that Compass relied upon Ms. Lee's version of the incident, which differed from Hamilton's, and also relied upon the omission in Dr. Blasini's office note from February *809 22, 2005 that a work-related accident took place. Defendant subpoenaed Hamilton's past medical records and records of her auto accident, none of which revealed any previous treatment for back problems. Defendant further failed to produce to Hamilton during discovery her own personnel records, which contained the results of her pre-employment physical: which Ms. Lee admitted she passed and presumably which would have supported Hamilton's claim that she had no prior back problems. This appears to be the sum of other factual and/or medical information considered by defendants in denying Hamilton's claim.
In Bertrand, supra, the court reversed a ruling that found the employer had no valid legal reason to deny workers' compensation benefits to the claimant, where the doctor's notes and the claimant's statement supported the employer's belief that the claimant's disability resulted from a gradual deterioration secondary to a prior injury instead of the new accident. In the instant case, Hamilton's statement to the adjustor was consistent with her testimony and reports to all her physicians and other treating health care professionals. Further, the defendant in this case has produced no conflicting medical information that contradicts Hamilton's assertion that she hurt her back at work rather than suffered from a previous back condition.
We find no manifest error in the trial court's conclusion that defendant failed to reasonably controvert the claim, and affirm the award of penalties and attorney's fees.
Hamilton has answered the appeal, requesting additional attorney's fees for defending this appeal. We agree. A workers' compensation claimant who timely answers the appeal is entitled to increased attorney fees and penalties to reflect additional time incurred in defending against an employer/insurer's unsuccessful appeal, especially where the claimant makes a clear showing of the employer's arbitrary and capricious refusal to pay the claim. Hucke v. New Orleans. Glass, 03-1709 (La.App. 4 Cir. 2/11/04), 868 So.2d 166, writ denied, 04-0662 (La.4/30/04), 872 So.2d 497. We award counsel for Hamilton $2,000.00 in attorney's fees for the defense of this appeal.
AFFIRMED.
NOTES
[1] 05-533 (La.App. 3 Cir. 12/30/05), 919 So.2d 795, writ denied 06-0585 (La.5/5/06), 927 So.2d 325, 06-0636 (La.5/5/06), 927 So.2d 317.