SUSAN M. CHEHARDY, Chief Judge.
|?Qn appeal, employer seeks review of the workers’ compensation judge’s finding of causation and its awards of penalties and attorney fees. For the following reasons, we affirm.

Procedural History

On April 18, 2013, while in the course and scope of his employment with Boh Brothers Construction Co., LLC (“Boh”), appellant-herein, John W. Hayward, III (“Hayward”), appellee-herein, injured his lower back. On July 1, 2013, Hayward, through his attorney, demanded payment from Boh of workers’ compensation benefits and all expenses for reasonable and necessary medical treatment for injuries sustained on April 18, 2013. On July 17, 2013, Boh filed its first report of the injury because of a “possible dispute.”
On August 18, 2013, Hayward filed his disputed claim for compensation, Form LWC-1008, reporting his injury of April 18, 2013, and attesting that no wage benefits had been paid and no medical treatments had been authorized. Hayward asked for SEB’s, attorney fees, costs, legal interest, penalties, and legal interest on the penalties.
liiOn September 12, 2013, Boh filed its answer denying its liability for a compen-sable injury on the basis that its employee, Hayward, could not “show that his alleged injuries were caused by any employment activities.”
On June 11, 2014, trial on the merits commenced. After hearing the evidence and testimony, the workers’ compensation judge held the record open for filing of post-trial memorandum. On August 19, 2014, the judge found that Hayward had proven a compensable injury and, thus, was entitled to temporary total disability benefits from Boh beginning May 13, 2013, through the present and continuing; to payment of all medical expenses for “the aggravation of his pre-existing back injury and the back injury that he sustained on April 18, 2013;” penalties of $8,000.00; attorney fees of $8,000.00; and costs and interest. At Boh’s request, the judge issued written reasons for judgment. In its well-written reasons issued on October 27, 2014, the judge stated:
The testimony and evidence introduced were sufficient to prove that claimant had a compensable work-related accident on April 18, 2013 which entitled him to workers’ compensation benefits. Additionally, there is a direct causal eon-nexity between the accident and injury and the resulting need for surgery. There were numerous witnesses with conflicting testimony and the court had to make a credibility determination of the witnesses. There were variations in the witnesses’ “demeanor” and tones of voice. The court, as fact finder, had to determine credibility of each witness and the weights to be given to each witness’ testimony_ There were divergent views as to the causal connexity of the injury and the accident of April 18, 2013. When there are two permissible views of the evidence, the trial court has discretion to weigh and consider competing testimony and to determine the appropriate weight to be given to the testimony. The court has made reasonable evaluation of credibility and reasonable inferences of fact to render judgment in favor of the claimant in accordance with the law. The medicals and witnesses overwhelmingly establish the occurrence of the accident on April 18, 2013.
Boh appeals the trial court’s finding of a compensable injury as well as the award of penalties and attorney fees.
*625 | ¿Facts
In 2000, Hayward began working for Boh as a laborer. Over the next twelve years, he consistently worked for Boh and worked his way up to carpenter. In late November 2012, Hayward was performing construction work for a friend and strained a muscle in his back. As a result of that strain, Hayward was out of work at Boh from December 6, 2012 through December 21, 2012. Hayward returned to “full duty” work at Boh on December 22, 2012, which he continued until April 18, 2013.
On April 18, 2013, while in the course and scope of his employment with Boh, Hayward was “straddling” a metal I-beam and attempting to bolt it to a metal jack when he bent “down ... to ... tighten up the nut and bolt and ... felt like a little pull and pop sensation” in his back. When he attempted to stand, he felt a “sharp pain run up [his] right leg” into his lower back. When he stood up straight, he felt “lightheaded and dizzy.”
Hayward testified that he reported the pain in his back to his supervisor, Robert Donnelly, who asked him to help “flag,” or guide, the crane operator until the immediate critical task of placing the I-beams was completed. When Hayward attempted this “light duty,” he felt dizzy and informed the supervisor, who told him to go lie down in his personal truck. Hayward testified that he requested medical treatment from the supervisor, but the supervisor did not follow-up. Hayward stated that he did not walk to his employer’s on-site office to report his injury because he “was aggravated with [his supervisor] pretty much not taking me when I asked for medical attention.”
Almost immediately, Hayward called his parents to meet him and drive him to his general practitioner, Bryan Bertucci, M.D., who could see him as an | ^emergency. While he waited, Hayward laid down in the bed of his truck; two co-employees and his supervisor remember seeing Hayward laying down in his truck.
When Hayward saw Dr. Bertucci later that day, Hayward reported “radicular pain” from his back down his right leg. Dr. Bertucci ordered x-rays of Hayward’s back that showed “some transitional vertebra with unilateral pseudoarticulation,” which means the vertebra are more susceptible to injury. Dr. Bertucci diagnosed a lumbosacral strain and sciatica. That day, Dr. Bertucci prescribed steroids, pain relievers, and anti-inflammatories; restricted Hayward to working only “light duty;” and ordered an MRI of Hayward’s lumbar spine.
Hayward did not return to work on April 18, 2013. . Telephone records that were introduced into evidence at trial reflect that Hayward spoke with his supervisor for five minutes on the night of April 18, 2013. He did not report to work on Friday, April 19, 2015, but did report to work on Saturday, April 20, 2013 and worked “light duty.”
On May 1, 2013, Hayward underwent an MRI of his lumbar spine, which, according to the radiologist’s report, showed, among other problems, herniations in the discs between L3-4, L4-5, and L5-S1. On May 7, 2013, Hayward submitted the results of the lumbar MRI to the safety supervisor at Boh.
On May 8, 2013, Hayward saw Dr. John Davis, an orthopedist. During his examination of Hayward, Dr. Davis noted that Hayward exhibited significant pain on flex-ion and extension of his back that radiated to Hayward’s “right buttock and the posterior thigh.” Further, it was Dr. Davis’s opinion that the May 1, 2013 MRI showed edema at the L3-4 level that was more likely to be caused by a recent injury than an injury that occurred months earlier. *626 Dr. Davis found that his new complaints of radicular pain were likely attributable to the April 18, 2013 injury.
IfiOn May 16, 2013, Hayward saw Dr. Mohammed Elkersh, an interventional pain management physician, for evaluation. After a physical examination of Hayward, Dr. Elkersh found “L5 Radiculopathy Right” and “Disc displacement, lumbar.” Dr. Elkersh agreed with Dr. Davis that Hayward’s condition “is more likely to be related to the injury he sustained from [the] accident on April 18, 2013. Mr. Hayward’s symptoms did exacerbate after the injury occurred.”
On May 13, 2013, Boh released Hayward noting that he was “injured — will return;” Hayward testified that he was told that he could return to his job when he was released to “full duty.” Hayward has not been released to “full duty” and has not worked at all since May 13, 2013.
At trial, Hayward’s immediate supervisor, Robert Donnelly, testified that Hayward did not report an injury to him at work. Donnelly testified that Hayward did leave work on April 18, 2013, but Don-nelly could not remember the reason. Donnelly also could not remember that he had spoken with Hayward on the night of April 18, 2013. Donnelly further testified that, when Hayward attempted to return to work, Boh allowed him to work “light duty” for a short time but, Boh does not have “light duty” so, after one week, Hayward was released until he could return to “full duty.”
Finally, Dr. Robert Steiner, an orthopedist who performed an independent medical examination of Hayward, agreed that Hayward has degenerative disc disease and disc herniations with right sciatica that limit his work capacity to “light duty.” Dr. Steiner opined, however, that he “cannot say that it is more likely than not that a specific incident of 4/18/13 is the cause of his ongoing symptoms.”
After hearing all of the testimony and reviewing all of the evidence, the workers’ compensation judge found that Hayward had been injured in the course and scope of his employment with Boh and ordered Boh to pay wage benefits from |7the last date of Hayward’s employment until present and continuing. The workers’ compensation judge also assessed penalties and attorney fees against Boh for its failure to pay Hayward wage benefits and/or medical expenses. Boh appeals from that ruling.

Law and Argument

On appeal, Boh raises two assignments of error: first, the lower court erred in assessing penalties and attorney fees against Boh when the court explicitly stated that it was presented with two permissible views of the evidence and the court, as trier of fact, had to decide between them; and, second, the lower court erred in finding that Hayward proved, by a preponderance of the evidence, that his injuries were caused by a work-related accident.
In its second assignment of error, which we will address first for purposes of clarity, Boh asserts that the record does not support the workers’ compensation judge’s finding that a work-related accident caused Hayward’s “claimed disability.” Defendants allege that he did not prove a “causal link between a work-related accident and his claimed disability.”
A workers’ compensation claimant has the burden of proof to establish that a work-related accident occurred by a preponderance of the evidence. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La.1992). A worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or *627 casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Id. In determining whether the worker has discharged his burden of proof, the trial court should accept as true a witness’s uncontradicted testimony, although the witness is a party, absent circumstances casting suspicion on the reliability of this testimony. Id.
1 S“A claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition.” Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La.1977). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. West v. Bayou Vista Man- or, Inc., 371 So.2d 1146, 1147 (La.1979). Further, even if the claimant has a preexisting latent back disability, workers’ compensation benefits are payable when a work-accident aggravates or accelerates it, producing disability. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
The fact-finder’s conclusions as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual determinations that should not be disturbed on appellate review unless clearly wrong or manifestly erroneous. Hamilton v. Compass Grp. USA/Morrison, 07-501 (La.App. 5 Cir. 11/27/07), 973 So.2d 803, 806-07. If the lower court’s findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse. Consequently, when there are two permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993); Hamilton, supra.
In this case, the workers’ compensation judge found that Hayward had proved by a preponderance of the evidence that he suffered a work-related injury, which entitled him to compensation benefits. Hayward testified that he bent over to bolt two pieces of metal together then felt a “pop” in his back, which was | ¡followed by tremendous pain down his right leg. He knew that there was a problem so he immediately stopped working.
Further, Hay ward testified that his supervisor told him to lay down in his truck until he felt better. Hayward reported that he asked for medical treatment, which he did not receive, then called his parents to seek immediate medical treatment. That day, Hayward saw his personal physician, Dr. Bertucci, on an emergency basis. At that appointment, Hayward reported that he had injured himself at work and felt pain that radiated from his lower back down his right leg.
Dr. Bertucci ordered an MRI, which was performed on May 1, 2013, that revealed three herniated discs. Both Drs. Davis and Elkersh stated that the disc injury likely occurred on the date that Hayward experienced the radiating pain in his back and leg, while Hayward was in the course and scope of his work for Boh. Further, while there was testimony that Hayward had been injured while off-duty in 2012, there was testimony from Hayward’s supervisor and co-employees that, in 2013, Hayward worked “full duty” until the day of his injury.
We find that the record before us demonstrates a reasonable basis for the workers’ compensation judge’s factual findings *628 and, as such, this finding cannot be clearly wrong: Stobart, supra; Hamilton, supra; Burrell v. Evans Industries, 99-1194 (La.App. 5 Cir. 4/25/00), 761 So.2d 618, 622. Accordingly, we find that this assignment of error lacks merit.
Returning now to the first assignment of error, Boh argues that the lower court erred in assessing penalties and attorney fees against Boh because Boh was reasonable in its failure to pay Hayward’s claim. We disagree.
When an employer has failed to pay workers’ compensation benefits, the proper standard for review of that decision is whether the employer reasonably controverted the claim. Brown v. Texas-LA Cartage, Inc., 98-1063 (La.12/1/98), 721 So.2d 885, 889. A claim for workers’ compensation is reasonably controverted if the employer has some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant’s right to benefits has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under La. R.S. 23:1201, a court must ascertain whether the employer engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay the benefits allegedly owed. Arias v. Certified Coating, Inc., 05-446 (La.App. 5 Cir. 2/14/06), 924 So.2d 298, 302-303. Whether the refusal to pay benefits warrants the imposition of penalties and attorney fees is a factual question, which we will not disturb in the absence of manifest error. Roberts v. Thibodaux Healthcare Center, 05-0774 (La.App. 1 Cir. 3/24/06), 934 So.2d 84, 91; Noel v. Home Health 2000, Inc., 01-1543 (La.App. 3 Cir. 5/8/02), 816 So.2d 955, 957.
In the August 19, 2014 judgment, the workers’ compensation judge found that Boh failed to reasonably controvert Hayward’s entitlement to workers’ compensation indemnity benefits and medical expenses. The workers’ compensation judge evaluated the credibility of the witnesses and found that Hayward was an employee of Boh, was injured during the course and scope of his employment, and became temporarily totally disabled as a result of that injury. The workers’ compensation judge found that Boh did not present any pertinent evidence or argument to show that Hayward’s claim was reasonably controverted.
Considering the record before us, we cannot say that the workers’ compensation judge was manifestly erroneous or clearly wrong in finding that Boh failed to reasonably controvert Hayward’s claim, and in assessing penalties and h attorney fees against defendants. Accordingly, this assignment of error lacks merit.

Decree

For the foregoing reasons, we affirm the judgment at issue. All costs of this appeal are assessed against appellant, Boh Brothers Construction Company, LLC.

AFFIRMED