# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-118


ECCLESIASTES VEAZIE

VERSUS

GILCHRIST CONSTRUCTION COMPANY


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 02-06391
SAM LOWERY, WORKERS' COMPENSATION JUDGE


\*\*\*\*\*\*\*\*\*\*


## OSWALD A. DECUIR
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.


**AFFIRMED AS AMENDED.**

**Michael B. Miller**
**Attorney at Law**
**P. O. Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**Counsel for Plaintiff/Appellant:**
  **Ecclesiastes Veazie**

**Deanne B. McCauley**
**Rabalais, Unland & Lorio**
**5100 Village Walk, Suite 300**
**Covington, LA 70433**
**(985) 893-9900**
**Counsel for Defendant/Appellant:**
  **Gilchrist Construction Company**

**DECUIR, Judge.**

Ecclesiastes Veazie filed this workers' compensation claim against his employer, Gilchrist Construction, after developing an infection from a minor knee injury. Gilchrist denied the claim, contesting that a work-related injury had occurred. After a trial on the merits, the workers' compensation judge ruled in favor of Veazie, awarding him medical and disability benefits, penalties, and attorney fees in the amount of $10,000.00. Both Gilchrist and Veazie have appealed. For the following reasons, we amend and, as amended, affirm.

The facts in the record show Veazie injured his right knee when he fell onto some gravel in August of 2002. He testified the accident occurred at work, though he knew of no witnesses to the incident and did not think it was serious enough to report to his supervisor. He described the injury as insignificant, but within days his knee was swollen and he sought medical treatment. He was diagnosed with an infection and spent one night at a Eunice health care facility where he was administered antibiotics intravenously. Veazie was instructed to seek further treatment at University Medical Center. He traveled there daily from August 22 through August 28, where he was given IV antibiotics. A medical record from UMC dated August 29, 2002 indicates that the cellulitis had resolved and that Veazie was given two prescriptions, one for pain medication and one for an oral antibiotic. He was also referred to UMC's Medicine Clinic for high blood pressure. The record contains no further medical evidence.

Veazie's immediate supervisor at Gilchrist Construction, Curtis Clayton, testified at trial. He was unaware of Veazie's accident until three days after it occurred when he noticed Veazie limping slightly. He asked Veazie about it, and Veazie told him he had fallen on a rock. The following day, Clayton thought Veazie's limp had improved and he was able to kneel down in the course of doing cement work

that day. Clayton asked Veazie if he could look at the injured knee at least twice, and both times Veazie refused his request.

Clayton testified that he received a call from Veazie on August 19, reporting that he was in the hospital and would not be able to return to work until the following Monday. Clayton said he asked Veazie if he wanted to see the company doctor or file a compensation claim, but Veazie responded that he had hurt himself at home. The medical records from the Eunice Community Medical Center, however, indicate the injury was work-related. Additionally, between his discharge from the Eunice hospital and the initiation of treatment at UMC, Veazie hired an attorney and filed a disputed claim for compensation benefits. In September 2002, he requested reimbursement for his medical expenses, which totaled $2,081.05, and mileage to and from UMC.

Concerning Veazie's disability status, the record shows he sought no medical treatment for his knee subsequent to August 29, 2002. He testified at trial that he sometimes feels pain in his knee. He admitted he was involved in an automobile accident in February of 2003, in which he sustained injury to his legs, neck, and back. He explained that he never returned to work at Gilchrist Construction because he was waiting for a call from UMC advising him of the date of a return appointment. The medical records, however, do not indicate that a return appointment would be scheduled. The entirety of the evidence on disability consists of the following exchange between Veazie and his attorney on direct examination after a discussion of Veazie's duties at Gilchrist Construction: "Q: Can you do that work now with your knee? A: I don't believe so right now, sir."

Appellate review in workers' compensation cases is governed by the manifest error or clearly wrong standard. *Freeman v. Poulan/Weed Eater*, 93-1530 (La. 1/14/94), 630 So.2d 733. The appellate court must determine not whether the trier of

2

fact was right or wrong, but whether the fact finder's conclusion was a reasonable one in light of the entire record. *Rosell v. ESCO*, 549 So.2d 840 (La.1989).

Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review even though the appellate court may feel that its own evaluations and inferences are more reasonable. *Stobart v. State, through DOTD*, 617 So.2d 880 (La.1993). Deference is due to the factfinder's determinations regarding the credibility of witnesses, "for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said." *Rosell,* 549 So.2d at 844.

The worker's burden of proof in establishing the occurrence of a job-related accident is preponderance of the evidence. *Bruno v. Harbert Int'l, Inc.*, 593 So.2d 357 (La.1992). When an accident is unwitnessed, the worker's testimony alone may be sufficient to establish the accident occurred if (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident, and (2) the worker's testimony is corroborated by circumstances following the alleged accident.

The trial court described the issues in this case as close credibility determinations. He found Veazie's evidence slightly more credible than the defendant's, commenting the plaintiff just "barely" met his burden of proof. Our review of the record reveals a very contentious proceeding with irreconcilable evidence presented by the opposing parties. The trial court found the plaintiff to be slightly more credible than the defendant's witnesses, and we find no error in that determination. Accordingly, the issues which rest on this credibility determination, i.e., the occurrence of a work-related accident with resulting compensable medical and transportation bills, can be affirmed.

We turn now to the question of the plaintiff's disability status. Louisiana Revised Statute 23:1221 requires proof of temporary total disability by clear and convincing evidence. In order to receive benefits for a temporary total disability, the claimant must prove, by clear and convincing evidence, that he is "physically unable to engage in any employment or self-employment." "While the workers' compensation laws are to be construed liberally in favor of the claimant, that interpretation cannot lessen the claimant's burden." *Bolton v. Grant Parish Sch. Bd.,* 98-1430, p. 4 (La. 3/2/99), 730 So.2d 882, 885. The plaintiff in this case did not meet his burden of proving an ongoing temporary total disability.

We affirm the trial court's finding that Veazie was injured in the course and scope of his employment. Consequently, we likewise affirm the award of "all reasonable and necessary" medical benefits. On the question of disability benefits, it is certainly clear that Veazie, by virtue of his ongoing medical care, was temporarily disabled from the time he sought medical care in Eunice until his condition resolved as evidenced in the August 29, 2002 medical record. Therefore, Veazie is entitled to temporary total benefits from August 19, 2002 through August 29, 2002, based on an average weekly wage of $300.00. There is, however, insufficient proof that Veazie was disabled past August 29, 2002, and we amend the award of indemnity benefits so as to exclude benefits beyond that date.

Both parties dispute the award of penalties and attorney fees. Veazie contends he should have been awarded a penalty for the failure to pay indemnity benefits and an additional penalty for the failure to pay medical benefits. He also requests additional attorney fees for work done on appeal. Gilchrist Construction contends that because the claim was reasonably controverted, penalties and attorney fees should not have been awarded.

4

The determination of whether an employer should be cast with penalties and attorney fees is essentially a question of fact, and the trial court's finding must not be disturbed on appeal absent manifest error. *Wiltz v. Baudin's Sausage Kitchen,* 99-930 (La.App. 3 Cir. 6/19/00), 763 So.2d 111, *writ denied*, 00-2172 (La. 10/13/00), 771 So.2d 650. "To avoid penalties and attorneys fees for the nonpayment of benefits, the employer or insurer is under a continuing duty to investigate, to assemble, and to assess factual information before denying benefits." *George v. Guillory*, 00-591, p. 13 (La.App. 3 Cir. 11/2/00), 776 So.2d 1200, 1209.

The workers' compensation judge found that Gilchrist "did not do all that it could have, and indeed should have done," in response to the plaintiff's injury. We find no manifest error in this conclusion. Accordingly, we affirm the award of a $2,000.00 penalty for the failure to pay indemnity benefits, and we award an additional penalty of $2,000.00 for the failure to pay medical benefits.

While we find that attorney fees were properly awarded, we have determined, based on our review of the record, that the amount of the attorney fee award is excessive. Pretrial discovery was minimal, the issues were not complicated, and the trial lasted a half day. Although a time sheet is in evidence, we find it wholly inadequate, detailing neither time expended nor personnel involved in each task. Accordingly, the attorney fee award is reduced to $5,000.00. An additional attorney fee of $2,500.00 is awarded for work done on appeal.

Costs of this appeal are assessed to Gilchrist Construction.

**AFFIRMED AS AMENDED.**

5