974 So.2d 757 (2007)
Patricia FASSITT
v.
JEFFERSON PARISH HOSPITAL SERVICE.
No. 07-CA-695.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*758 David J. Benedict, Metairie, Louisiana, for Plaintiff/Appellee.
Jacqueline G. Griffith, Charles O. Taylor, Carl L. Aspelund, Chehardy, Sherman, Ellis, Murray, Recile, Griffith, Stakelum & Hayes, LLP, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
The employer has appealed the grant of summary judgment in favor of the employee in this workers' compensation suit. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY:
Claimant, Patricia Fassitt, was employed by East Jefferson General Hospital, (hereinafter referred to as the employer), as a unit secretary when she sustained injuries to her left elbow, right hip, and right ankle in an on the job accident that occurred On March 16, 2004. She was paid workers' compensation benefits in the form of total temporary disability payments (TTD). Following Hurricane Katrina, claimant relocated to Port Arthur, Texas.
On June 23, 2006, the employer filed a disputed claim for compensation seeking to decrease claimant's benefits due to plaintiff's *759 failure to participate in vocational rehabilitation. On October 9, 2006, claimant was examined by Dr. Thomas Ford at the request of the employer. Dr. Ford rendered a report stating that claimant would be able to return to her prior job as a unit secretary. On the basis of this report, the employer discontinued TTD payments to claimant on November 15, 2006. On January 8, 2007, the employer filed a Motion to Dismiss the disputed claim for compensation. This motion was granted on January 16, 2007. In the meantime, on January 12, 2007, claimant filed a reconventional demand stating benefits had been terminated on November 15, 2006. The employer filed a response stating that claimant was offered a job as unit secretary at East Jefferson.
On March 8, 2007, claimant filed a Motion for Summary Judgment seeking "reinstatement of wage replacement benefits" along with penalties and attorney's fees for the employer's arbitrary and capricious termination of such benefits. In this motion, claimant states that she objected to the job of unit secretary at East Jefferson, which is located over 250 miles from her current residence. The employer filed an opposition to this motion stating that claimant had not established that she is entitled to a reinstatement of benefits, penalties, or attorney's fees.
On April 16, 2007, the employer filed a Motion for Summary Judgment stating that claimant is not eligible for any workers' compensation benefits. On May 1, 2007, claimant filed an opposition to the employer's motion attaching her original motion for summary judgment.
On May 4, 2007, a hearing on the competing motions for summary judgment was held. At the conclusion of the hearing, summary judgment was granted in favor of claimant. On May 16, 2007, judgment was rendered reinstating TTD payments to claimant from the date of termination. This timely appeal followed.
JLAW AND DISCUSSION:
An appellate court reviews a trial court's decision to grant a Motion for Summary Judgment in workers' compensation cases de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. LeJeune v. Brewster, 97-2342, (La: App. 1 Cir. 11/6/98), 722 So.2d 74. As in all cases of summary judgment, the initial burden of proof is on the moving party. However, on issues for which the moving party will not bear the burden of proof at trial, the moving party's burden of proof on the motion is satisfied by pointing out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the non-moving party must produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial; failure to do so shows that there is no genuine issue of material fact. C.C.P. art. 966(C)(2).
LSA-R.S. 23:1221(1)(a) states claimant shall be paid temporary total disability:
For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured, and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
LSA-R.S. 23:1221(1)(c) provides:
For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee *760 is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
Thus, in order to receive benefits for temporary total disability, a claimant in a workers' compensation case must prove by clear and convincing evidence that he is physically unable to engage in any employment or self-employment due to his injury. Veazie v. Gilchrist Const. Co., 04-118 (La. App. 3 Cir. 6/2/04), 878 So.2d 742, writ denied, 04-1692 (La.10/8/04), 883 So.2d 1018. A claimant must introduce objective medical evidence to establish by clear and convincing evidence that he is unable to engage in any type of employment. Broussard v. Lafayette Parish School Bd., 2005-575 (La.App. 3 Cir. 4/5/06), 926 So.2d 713, writ denied, XXXX-XXXX (La.6/23/06), 930 So.2d 983.
Several documents were attached to support plaintiffs Motion for Summary Judgment, including correspondence between claimant's attorney and the employer's attorney, wherein claimant was notified that she could apply for a unit secretary position at East Jefferson and instructing her on how to do so and a letter from claimant's attorney reminding the employer that claimant now resides in Texas and "it is not appropriate for your client to expect that Ms. Fassitt will be able to work for them." The medical report from Dr. Ford stating that claimant "would be able to return to her job as a unit secretary" was attached to the motion. An affidavit from claimant attesting that she has resided in Port Arthur, Texas since September 2005 and that she is currently receiving treatment from Dr. Margaret Lang Williams in Port Arthur was also attached to the motion.
In support of her Motion for Summary Judgment, claimant argues that on the identification of jobs within vocational rehabilitation, La. R.S. 23:1226(B)(2) provides that "employment in a worker's local job pool must be considered and selected prior to consideration of employment in a worker's statewide job pool." She notes that with regards to supplemental earnings benefits, employment is looked at that is "proven available to the employee in the employee's or employer's community or reasonable geographic region." Claimant then points to Fontenot v. Reddell Vidrine Water Dist., XXXX-XXXX (La.1/14/03), 836 So.2d 14, wherein the court found that for the purposes of vocational rehabilitation, it is the duty of the vocational rehabilitation consultant to examine the job pool in the worker's geographic area. Claimant concludes that "vocational rehabilitation, if and when appropriate, should be performed in the Port Arthur, Texas area."
Claimant goes on to argue that since the job offered is unavailable because she resides out of state, supplemental earnings benefits should be awarded. This argument is based on Allen v. City of Shreveport, 92-0874 (La.5/24/93), 618 So.2d 386, which held that it is irrelevant for the purposes of entitlement of supplemental earnings benefits whether an employee can return to a former position if that is unavailable.
We find claimant's argument is misplaced. She was awarded payments *761 for temporary total disability. In order to continue receiving these benefits, plaintiff had to prove by clear and convincing evidence that she was unable to engage in any employment or self-employment due to her injury. She failed to do so. In fact, she presented evidence showing that she was able to perform her pre-injury job[1] Accordingly, we find the trial court erred in granting summary judgment and awarding TTD. Since there has been no showing that claimant is not able to earn 90% of her pre-injury wages, we find she is not entitled to supplemental earnings benefits at this time. While we agree with plaintiff that any vocational rehabilitation should be conducted in Port Arthur, Texas, from the record befor us, it does not appear that plaintiff is seeking vocational rehabilitation at this time, since she has not presented any evidence that she is unable to return to her former position of unit secretary.
For the foregoing reasons, the judgment of the trial court is reversed. This matter is remanded to the trial court for a determination on the merits of what, if any, benefits are due claimant.
REVERSED; MATTER REMANDED.
NOTES
[1] While claimant attests that she is under the care of a physician in Port Arthur, Texas, she chose not to attach any documentation from this physician to her motion.