FREDERICKA HOMBERG WICKER, Judge.
|2In this worker’s compensation proceeding defendants, Johnson Storage and Moving Company and its insurer, Zurich Insurance Company, appeal the judgment in favor of claimant, Lanson Jimmerson, awarding him temporary total disability benefits related to a May 15, 2012 work-related injury. The judgment appealed also awarded claimant penalties and attor *114 ney fees and further determined that claimant did not forfeit benefits under La. R.S. 23:1208. For the following reasons, we affirm the worker’s compensation judge’s finding that a compensable accident occurred, but amend the time period for which claimant is entitled to temporary total disability benefits, and remand this matter for a calculation of claimant’s supplemental earning benefits. In all other respects, we affirm the judgment appealed.

FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of an unwitnessed May 15, 2012 accident. Claimant alleges that he injured his back delivering an outdoor spa to a customer’s home 13while employed as a driver with Johnson’s Storage and Moving.[1] Claimant testified that he reported to work at 7:30 a.m. on the morning of May 15, 2012, and was instructed to load items from the company’s warehouse into a truck to be delivered to a customer’s home. The largest item on the truck that day was an outdoor spa or Jacuzzi that was placed in the truck with a forklift. Claimant and a co-worker[2] arrived at the customer’s home and were instructed to bring the spa to the backyard. Claimant testified that he injured his back as he and his co-worker carried the spa through the backyard on uneven ground.[3]
At trial, claimant testified that he did not feel immediate pain but that he felt minor back pain when he returned home that evening. However, claimant attributed the pain to drinking too many “cold drinks” and not drinking enough water throughout that day. Claimant testified that when he awoke the following morning, on May 16, 2012, he experienced increased pain.
Claimant returned to work on May 16th, 17th, and 18th. At trial, claimant testified that his supervisor, Mike Connors, noticed claimant somewhat limping and asked claimant if he was feeling alright.[4] Claimant responded that he thought he was hurt at work but denied any medical treatment, thinking that the pain would dissipate.
Claimant was scheduled to be off of work until Tuesday, May 22, 2012. On that date, however, claimant did not return to work but reported to St. James Parish Hospital emergency room, where he received an injection for his complaints of back pain radiating to his right buttock and leg. Claimant testified that he reported |4the at-work injury to the emergency room staff. However, the medical records from St. James Parish Hospital do not include any reference to an on-the-job injury; further, the hospital’s treating nurse, Ms. Jessica Malbrough, testified at trial that if a patient reports an on-the-job injury, it is immediately notated and additional paperwork is completed.[5]
Claimant’s employment records indicate that he returned to work on May 23rd and *115 May 24th. Mike Connors denied the initial conversation referenced by plaintiff, wherein claimant contends he initially mentioned a possible work-related injury the week of May 16th-18th, and maintained that claimant did not report any injury to him until May 24, 2012. On that date, claimant and Mike Connors completed an accident report concerning the May 15, 2012 injury. On that same date, Johnson Storage and Moving Company arranged for claimant to receive medical treatment at Concentra Medical Center, where he was diagnosed with a lumbosa-cral strain/sprain and instructed to return to work in a light duty capacity with physical restrictions.
Claimant treated with Dr. Timothy La-vin of Concentra Medical Center from May 24, 2012 until July 28, 2012. On October 15, 2012, claimant reported to Southern Brain and Spine Center for a neurosurgical evaluation with Dr. Rand Voorhies. Dr. Voorhies read an MRI image dated July 10, 2012 and noted a “very large, very obvious totally extruded disc herniation with inferior migration that is clearly impinging upon the right SI nerve root.” Dr. Voorhies recommended a minimally invasive procedure, a microdiskectomy, to “get him back into the workforce as expeditiously as possible — but also as safely as possible.” Defendants initially denied this procedure, finding it medically unnecessary. Shortly thereafter, defendants denied all medical treatment and disputed that | .-claimant’s injury was sustained within the course and scope of his employment or that an accident ever occurred.
Claimant filed a disputed claim for compensation. Following a two-day trial, the worker’s compensation judge issued a judgment, finding that claimant sustained a compensable work-related injury on May 15, 2012. The judgment awarded claimant continuing temporary total disability benefits starting from July 4, 2012, and ordered defendants to pay all medical and travel expenses arising from claimant’s May 15, 2012 injury. The worker’s compensation judge further determined that defendants failed to reasonably controvert claimant’s claim and ordered defendants to pay $4,000.00 in penalties and $4,000.00 in attorney fees; additionally, the worker’s compensation judge found that defendants failed to meet their burden to prove that claimant forfeited benefits under La. R.S. 28:1208.[6] This timely appeal follows.

DISCUSSION

Defendants appeal, asserting that the worker’s compensation judge erred in awarding claimant temporary total disability benefits and assessing penalties and attorney fees. Defendants further assign as error the judge’s determination that defendants failed to prove that claimant forfeited benefits pursuant to La. R.S. 23:1208.

Awarding of TTD Benefits

This case concerns an “unwit-nessed accident.” A worker’s compensation claimant has the burden of proof to establish that a work-related accident occurred by a preponderance of the evidence. Bruno v. Harbert International, Inc., 593 |fiSo.2d 357, 361 (La.1992). A *116 worker’s testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident, and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Id. (Citations omitted), In determining whether the worker has discharged his burden of proof, the trial court should accept as true a witness’s uncontradicted testimony, although the witness is a party, absent circumstances casting suspicion on the reliability of this testimony. Id. A worker may corroborate his testimony concerning the accident with objective medical evidence or testimony from fellow workers or his spouse. Hamilton v. Compass Grp. USA/Morrison, 07-501 (La.App. 5 Cir. 11/27/07), 973 So.2d 803, 806-07.
The fact-finder’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual determinations that should not be disturbed on appellate review unless clearly wrong or manifestly erroneous. Id. If the lower court’s findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse. Consequently, when there are two permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993); Hamilton, supra.
On appeal, defendants assert that the record does not support the worker’s compensation judge’s finding that a work-related accident occurred. Defendants point to claimant’s delayed report of the accident to his employer and to the St. James Parish Hospital emergency room records that do not report a work-related injury. At trial, claimant testified regarding the May 15, 2012 accident and gave a reason for his failure to immediately report it to his supervisor — he initially ^thought the minor pain would simply go away and attributed the pain to drinking too many cold drinks that day. Claimant testified that, despite the lack of corroboration in the St. James Parish Hospital medical records, he did in fact report the accident to the treating physician and staff during his emergency room visit on May 22, 2012. Claimant’s wife further testified that she noticed claimant in pain the morning following the accident and that the pain worsened and changed over the next several days. Claimant testified that he reported the injury to his supervisor, Mike Connors, while at work between May 16, 2012, and May 18, 2012. Further, claimant and Mike Connors completed a formal accident report on May 24, 2012, nine days after claimant alleges the accident occurred. Although defendants argue that claimant injured himself during his family vacation to Disney World at the end of April, there is no medical evidence or testimony in the record to support their argument.[7]
We find the worker’s compensation judge was not manifestly erroneous in her determination that claimant was injured in the course and scope of his employment on May 15, 2012.
The worker’s compensation judge awarded claimant temporary total disability (TTD) benefits from July 4, 2012, through the present.[8] Under La. R.S. 23:1221(1)(c), to establish entitlement to TTD benefits, a claimant must prove by *117 clear and convincing evidence that he is physically unable to engage in any employment or self-employment due to his injury. Veazie v. Gilchrist Const. Co., 04-118 (La.App. 3 Cir. 6/2/04), 878 So.2d 742, writ denied, 04-1692 (La.10/8/04), 883 So.2d 1018. A claimant must introduce objective medical evidence to establish by clear and convincing evidence that he is unable to engage in any type |sof employment. Fassitt v. Jefferson Parish Hosp. Serv., 07-695 (La.App. 5 Cir. 12/27/07), 974 So.2d 757, 760.
The medical records introduced into evidence reflect that Dr. Voorhies, on October 15, 2012, examined claimant and determined that claimant was not capable of any gainful employment due to his May 15, 2012 injury. Prior to his October 15, 2012 treatment with Dr. Voorhies, claimant treated with Concentra Medical Center from May 24, 2012 until July 23, 2012. During his treatment with Concentra Medical Center, claimant was placed on light duty work with physical restrictions. The record further reflects that claimant worked intermittently at Johnson Moving and Storage in a light duty capacity during the time period that he treated with Con-centra Medical Center.
Therefore, we find that claimant failed to prove by clear and convincing evidence that he was temporarily totally disabled and unable to engage in any form of employment prior to his treatment with Dr. Voorhies on October 15, 2012. Accordingly, we find the worker’s compensation judge erred in awarding claimant TTD benefits from July 4, 2012, until October 15, 2012, the date the medical evidence shows he was unable to perform any work whatsoever.
However, the record reflects that claimant was still unable to perform his pre-injury work duties and should be entitled to supplemental earning benefits (SEB) during that time period. The record, however, does not contain sufficient information for this Court to calculate the appropriate SEB award. Accordingly, we remand this matter to the Office of Worker’s Compensation for a hearing to calculate an appropriate SEB award for claimant during that time period.
| ^Penalties and Attorney’s Fees
Defendants also appeal the worker’s compensation judge’s award of penalties and attorney fees for defendants’ failure to pay benefits and approve physical therapy or the procedure recommended by Dr. Voorhies.[9]
Awards of penalties and attorney fees under the Worker’s Compensation Act are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers. Williams v. Rush Masonry, 98-2271 (La.6/29/99), 737 So.2d 41. Although the Workers’ Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed. Town of Grand Isle v. Eschette, 02-96 (La.App. 5 Cir. 5/29/02), 820 So.2d 1122, 1129, writ denied, 02-1810 (La.10/4/02), 826 So.2d 1131.
Regarding penalties and attorney fees for failure to pay medical expenses and benefits, this Court has stated:
The employer is obligated to “furnish all necessary drugs, supplies, hospital care and services, medical and surgical treatment, and any nonmedical treatment recognized by the laws of this state as legal.” Id.; LSA-R.S. *118 23:1203(A). A failure to authorize treatment can result in the imposition of penalties and attorney fees except when the claim is reasonably controverted. Depending on the circumstances, a failure to authorize treatment is effectively a failure to furnish treatment. Authement [v. Shappert Engineering], 02-1631 at 8, 840 So.2d [1181] at 1187 [ (La.2003) ]. The failure to authorize a medical procedure for an employee otherwise eligible to receive workers’ compensation is deemed to be the failure to furnish compensation benefits, thereby subjecting the employer to an assessment of attorney fees and penalties, unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer had no control. LSA-R.S. 23:1201; Sims v. BFI Waste Services, L.L.C., 06-1319 (La.App. 1 Cir. 5/16/07), 964 So.2d 998, 1005. To determine whether a claim has been reasonably controverted, thereby precluding imposition of penalties and attorney’s fees, a court must ascertain whether the employer or insurer engaged in a nonfrivolous legal dispute or possessed factual or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time the employer/insurer refused to pay all or part of the benefits allegedly owed.
\mLopez v. Marques Food Distributors, 11-424 (La.App. 5 Cir. 12/28/11), 80 So.3d 1248,1254.
The unambiguous language of La. R.S. 23:1201[10] clearly establishes that penalties and attorney fees for failure to timely pay benefits shall be assessed unless the claim is reasonably controverted or such nonpayment results from conditions over which the employer or insurer had no control. In order to reasonably controvert a claim, a defendant must have some valid reason or evidence upon which to base its denial of benefits. Salazar v. Command Const., LLC, 12-680 (La.App. 5 Cir. 3/27/13), 117 So.3d 118, 128-29, writ denied, 13-0929 (La.5/31/13), 118 So.3d 399.
The record reflects that, on October 22, 2012, defendants denied the medical procedure recommended by Dr. Voorhies. On November 6, 2012, defendants’ counsel forwarded written correspondence to claimant’s counsel indicating that defendants would be “disputing this claim altogether” until claimant could prove that “his injury was sustained within the course *119 and scope of his employment.” On appeal, defendants assign as error the worker’s compensation judge’s assessment of penalties and attorney fees against them, pointing to the St. James Parish Hospital emergency room medical records. Defendants argue that those records, which indicate that claimant denied any injury or trauma and are absent of any report of a work-related injury, are sufficient to reasonably controvert claimant’s |nclaim for benefits. For the following reasons, we find the record is insufficient to allow this Court to find that the worker’s compensation judge was manifestly erroneous in her finding that claimant is entitled to penalties and attorney fees under La. R.S. 23:1201.
The determination of whether an employer or insurer should be cast with penalties and attorney fees in a worker’s compensation action is essentially a question of fact subject to the manifest error or clearly wrong standard of review. Washington v. Shaw Group, 10-568 (La.App. 5 Cir. 5/10/11), 68 So.3d 10, 12-13, writ denied, 11-1211 (La.9/23/11), 69 So.3d 1159. “[T]he crucial inquiry is whether the employer had an articulable and objective reason for denying or discontinuing benefits at the time it took that action.” Williams, 737 So.2d at 46.
The record before us does not show that defendants were in possession of the St. James Parish Hospital emergency room records at the time they denied claimant’s benefits or the recommended medical procedure. Rather, the record reflects that claimant provided said records to defendants in his responses to defendants’ Request for Production of Documents, dated December 6, 2012 — approximately one month after defendants discontinued benefits and denied claimant’s request for the recommended medical procedure. Accordingly, because the record indicates that defendants were not in possession of the St. James Parish Hospital medical records at the time they denied claimant’s benefits, we cannot say that the trial judge was manifestly erroneous in her determination that claimant is entitled to penalties and attorney fees for defendants’ failure to pay.[11]

Violation of23:1208

Defendants contend that claimant has forfeited his right to worker’s compensation benefits under La. R.S. 23:1208. The Workers’ Compensation Act |12imposes penalties for willfully making a false representation in connection with a compensation claim. La. R.S. 23:1208, in pertinent part, provides:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation
[[Image here]]
E. Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.
Defendants allege that claimant has made willful, false statements or representations throughout this litigation for the purpose of obtaining compensation benefits. Defendants point to claimant’s inconsistent statements regarding the date on which he initially experienced pain related to the accident. Defendants contend that claimant’s written report to his em *120 ployer is inconsistent with his deposition and trial testimony and that such inconsistencies constitute willful misrepresentations made for the purpose of obtaining worker’s compensation benefits in violation of La. R.S. 23:1208.
In his deposition testimony, when asked regarding his initial onset of pain symptoms, claimant stated that he first felt pain when he awoke on May 16, 2012, the day after the accident. Defendants argue that this testimony conflicts with claimant’s written statement provided to his employer on May 24, 2012. The written report, introduced into evidence, states that “[a]f-ter a week I start feeling pain in my right side buttocks, all the way down my right leg giving my toes a tingling feeling. It’s hard for me [sic] stand sometimes or laying down or bending over.” Defendants contend that this written statement contradicts claimant’s deposition testimony, indicating that he felt back pain the morning of May 16, 2012, and further contradicts claimant’s trial testimony. At trial, claimant testified |13that he initially felt minor back pain the evening of May 15, 2012, but that he did not think much of the pain and attributed the minor pain to simply not drinking enough water and drinking too many “cold drinks” on the date of the accident.
The burden of proving an R.S. 23:1208 violation requires more than a mere showing of inconsistent statements. Faulkner v. Better Services, Inc., 10-867 (La.App. 5 Cir. 5/24/11), 67 So.3d 646, 656. We find claimant sufficiently explained the inconsistencies in his testimony and written statement. We find the written statement, reporting “pain in my right side buttocks, all the way down my right leg” does not contradict claimant’s deposition or trial testimony. Claimant’s written statement does not preclude the possibility that claimant initially felt back pain on the evening of the accident, which he dismissed, that worsened the next morning and developed into a radicular pain down his right side one week later. Accordingly, we cannot say that the worker’s compensation judge was manifestly erroneous in her finding that claimant’s statements do not warrant a forfeiture of benefits under La. R.S. 23:1208.

CONCLUSION

For the foregoing reasons, we affirm the worker’s compensation judgment awarding claimant TTD benefits as a result of the May 15, 2012 accident but amend the judgment to reflect that claimant was not entitled to receive those benefits until October 15, 2012. We remand this matter to the Office of Worker’s Compensation for a hearing to calculate the award of SEBs to which claimant is entitled. In all other respects, the lower court’s judgment is affirmed.

AFFIRMED AS AMENDED; REMANDED.

. Claimant began employment with Johnson Storage and Moving Company in 2010 as a driver, primarily packing items for customers and delivering items to customers’ homes. Claimant also occasionally worked in the company’s warehouse conducting inventory.

. Claimant testified that his co-worker’s name is Josh but that he could not recall Josh's last name. Josh did not testify at trial.

. Claimant testified that he pulled the spa while his co-worker pushed the spa through the backyard, which was uneven grass with "little hills" in it.

. Claimant could not recall the exact date on which Mike Connors noticed him somewhat limping. He did testify, however, that it was between May 16, 2012, and May 18, 2012.

. Ms. Malbrough testified, however, that she had no independent recollection of claimant's emergency room visit.

. La. R.S. 23:1208, in pertinent part, provides:
(A) It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
[[Image here]]
(E) Any employee violating this Section shall, upon determination by workers’ compensation judge, forfeit any right to compensation benefits under this Chapter.

. The records indicate that claimant returned to work on April 25, 2012.

. The parties stipulated to claimant’s weekly wage as $354.25.

. The judgment awarded $4,000.00 in penalties and $4,000.00 in attorney fees against defendants and in favor of claimant.

. La. R.S. 23:1201, in pertinent part, provides:
(F) Except as otherwise provided in this Chapter, failure to provide payment in accordance with this Section or failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:
(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.

. In answer to this appeal, claimant seeks an increase in the penalties and attorney fees assessed. We decline to disturb the worker’s compensation judge’s award of penalties and attorney fees in this case.