16-307 (La.App. 5 Cir. 12/7/16)

**Leticia VILLATORO**

v.

**DEEP SOUTH BH & R ENTERPRISES, LLC, DS & B Services, LLC and LCI Workers Comp**

**NO. 16–CA–307**

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPEL-LEE, LETICIA VILLATORO, Miguel A. Elias

COUNSEL FOR DEFENDANT/AP-PELLEE, DEEP SOUTH BH & R EN-TERPRISES, LLC, Joseph R. McMahon, III, William F. Kelly

COUNSEL FOR DEFENDANT/AP-PELLANT, DS & B SERVICES, LLC & LOUISIANA CONSTRUCTION AND INDUSTRY SELF INSURERS FUND, Nathan L. Schrantz

Panel composed of Fredericka Homberg Wicker, Jude G. Gravois, and Robert A. Chaisson

GRAVOIS, J.

Defendants/appellants, DS & B Services, LLC and Louisiana Construction and Industry Self Insurers Fund ("LCI"), appeal a judgment of the Office of Workers' Compensation ("the OWC") that found plaintiff/appellee, Leticia Villatoro, to be an employee of DS & B Services, LLC when she sustained an on-the-job accident in 2014, and awarded her workers' compensation benefits, as well as penalties and attorney's fees. For the reasons that follow, we reverse the judgment insofar as it awards plaintiff/appellee penalties and attorney's fees for defendants' failure to pay indemnity benefits and medical expenses to her; we affirm the judgment in all other respects. Further, plaintiff/appellee's request for additional attorney's fees for work done on the appeal is denied.

## FACTS AND PROCEDURAL HISTORY

On May 31, 2014, Ms. Villatoro fell off of a ladder and injured her head, shoulder, and back while in the course and scope of her employment.

On September 25, 2014, Ms. Villatoro filed a Disputed Claim for Compensation, alleging that "Deep South Buezo Enterprises, LLC" (to the attention of Jose Buezo) was her employer.[1] She named LCI as the company's insurer and named "Deep South Services, LLC" as the statutory employer. On December 15, 2014, Ms. Villatoro amended her claim to name "DS & B Services, LLC d/b/a Deep South Services, LLC" as her employer and a party-defendant. On July 16, 2015, Ms. Villatoro again amended and supplemented her claim to name "DS & B Services, LLC" (with Kenneth Chagnard as its registered agent) as her employer in place of "DS & B Services, LLC d/b/a Deep South Services,

---

**1.** Ms. Villatoro's claim was fax-filed on September 23, 2014.

LLC." On September 14, 2015, Ms. Villatoro filed a Motion to Dismiss, requesting that the named defendants, Deep South Buezo Enterprises, LLC, Deep South Services, LLC, and DS & B Services, LLC d/b/a Deep South Services, be dismissed without prejudice. The motion requested that Deep South BH & R Enterprises,[2] DS & B Services, LLC, and LCI be the only named defendants in the claim. The trial court granted the motion that same day.

On December 10, 2015, a trial on the merits of the matter was conducted. Ms. Villatoro testified at trial with the assistance of a translator because she only speaks Spanish. According to Ms. Villatoro, when the accident occurred, she was on top of a ladder removing paint from doors. While moving her foot to the third step of the ladder, she slipped and fell back. Her head, back, and left leg hit the pavement. She was taken by ambulance to LSU Interim Hospital, where she was treated. She later sought treatment at Ochsner Medical Center Kenner and Medical Rehab Accident Injury Center for injuries she sustained in the accident. She testified that on the day of trial, she was still in constant pain "[f]rom my back of my head to the back of my back and spinal cord." As of the date of trial, she had not returned to work since the accident.

Ms. Villatoro further testified that she worked for Jose Buezo at an apartment complex from May 22, 2014 to May 31, 2014. During that time period, she would get moved around to do different work at the job site. For the pay period of May 26, 2014 to June 1, 2014, Ms. Villatoro was paid $584.48. Her check, a copy of which was submitted into evidence, had both "DS Services, LLC" and "DS & B Services, LLC" listed on it. According to Ms. Villatoro, Mr. Buezo issued her the check, and he was the owner of "DS Services, LLC." Also submitted into evidence was a copy of a pay stub in the amount of $192.00 for sixteen hours of work for the week ending on May 25, 2014. This pay stub had the name "Deep South Enterprises" on it. When questioned about whether she was paid with this check prior to the check for $584.48, she responded, "I don't recall."

Ms. Villatoro also testified that Mr. Buezo issued her a W–2 Form to pay her taxes. The W–2 Form, which was submitted into evidence at trial, listed her employer as "DS & B Services, LLC" and was for wages in the amount of $678.00. According to Ms. Villatoro, the name of the company on the W–2 Form—DS & B Services, LLC—was the company she was working for when she was injured.

Mr. Buezo testified that he is the owner and sole member of a company called "Deep South BH & R Enterprises."[3] His company does not have worker's compensation insurance. His company buys and flips homes and supplies labor workers to different companies. His company shares an office with DS & B Services, LLC. At the time of the accident, Mr. Buezo's wife, Christine Buezo, was a co-owner of DS & B Services, LLC, a company that does mostly property preservation and general labor work. The other co-owner was Kenneth Chagnard, his son-in-law. Mr. Buezo was neither an employee nor an owner of

---

**2.** Although Deep South BH & R Enterprises was not named as a defendant in Ms. Villatoro's Disputed Claim for Compensation, as amended, an attorney enrolled as counsel of record for Deep South BH & R Enterprises on June 18, 2015, and since then it has been an active party in the case. At trial, Mr. Buezo testified that "Deep South Enterprises" is also known as "Deep South DH & R." Deep South BH & R Enterprises was not found liable in the OWC judgment under review.

**3.** Mr. Buezo further testified that the company is also known as "Deep South Enterprises."

DS & B Services, LLC in 2014. However, he assisted the company with finding workers and assisted with non-union contractors and workers whenever needed. Mr. Buezo speaks Spanish. Because neither his wife nor Mr. Chagnard speak Spanish and a majority of the employees of DS & B Services, LLC were Hispanic, he would assist in letting the employees know where they had to go.[4]

According to Mr. Buezo, from May 22, 2014 to May 31, 2014, Ms. Villatoro was working at the Lafitte Housing Project in Orleans Parish. He admitted that from May 22, 2014 to May 25, 2014, Ms. Villatoro worked for him, and she was paid accordingly. However, he testified that on the day of the accident, Ms. Villatoro was working for DS & B Services, LLC. When questioned about how he knew that, he responded that she had worked for his company for a few days, but a new contract was being set up for a new building in the housing project that would last a little while, so she went to work for DS & B Services, LLC.

Mr. Chagnard, co-owner of DS & B Services, LLC, testified that based on the facts and circumstances within his knowledge, he believed Ms. Villatoro was an employee of DS & B Services, LLC at the time of the accident. According to Mr. Chagnard, "DS Services, LLC" and "DS & B Services, LLC" are the same company. Therefore, the funds used to pay Ms. Villatoro with the check in the amount of $584.48 came from the account of DS & B Services, LLC. Mr. Chagnard admitted however that he had not personally hired Ms. Villatoro and did not go out to the project and direct her work. He testified that because he doesn't speak Spanish, he

doesn't know any of the workers because he doesn't talk to them.

All parties submitted post-trial memorandums. On February 16, 2016, the OWC issued a judgment in favor of Ms. Villatoro and found that Ms. Villatoro met her burden to show that: (1) she sustained an on the job accident or injury; (2) she sustained injuries related to a work accident; (3) she was disabled from work as a result of injuries sustained in the work accident; and (4) she was an employee of DS & B Services, LLC, at the time of the work accident. In the judgment, DS & B Services, LLC and LCI were ordered to pay Ms. Villatoro temporary total disability benefits from the date of the accident, all medical bills and expenses related to the work accident, penalties in the amount of $8,000.00 for arbitrary and capricious conduct in failing to pay indemnity benefits and medical expenses, and attorney's fees in the amount of $10,000.00. This timely appeal followed.

## ASSIGNMENT OF ERROR NUMBER ONE

In their first assignment of error, defendants argue that the trial court erred in finding that Ms. Villatoro was an employee of DS & B Services, LLC. They contend that the only evidence presented to support the OWC's finding was Ms. Villatoro's single check from DS & B Services, LLC and the testimony of Mr. Chagnard. They argue that this evidence was insufficient to establish an employer-employee relationship and that there is no evidence of a "contract of employment" between Ms. Villatoro and DS & B Services, LLC.

---

4.  Christine Buezo also testified at trial. When asked if she was currently employed by DS & B Services, LLC or had any relationship with DS & B Services, LLC, she replied "[i]t's just my husband, but no. I don't do anything there." When asked if she had an ownership interest in DS & B Services, LLC, she said "I don't know—no."

Workers' compensation is a remedy between an employer and an employee; therefore, absent an employer-employee relationship, generally there can be no compensation recovery. *Johnson v. Alexander*, 419 So.2d 451, 453–454 (La. 1982). The Louisiana Workers' Compensation Act is silent on what constitutes an employer-employee relationship, and the sole provision on this subject is the statutory presumption of employment status. 1 Denis Paul Juge, *Louisiana Workers' Compensation* § 7:1 (2001). Pursuant to La. R.S. 23:1044, a person who renders services in any trade, business, or occupation covered under the Workers' Compensation Law is presumed to be an employee of the person for whom he rendered such services. *Dustin v. DHCI Home Health Services, Inc.*, 95–1989 (La. App. 1 Cir. 5/10/96), 673 So.2d 356, 359. This presumption may be rebutted by proof that there was no contract of employment, either express or implied, between the alleged employee and alleged employer. *Gotto v. ARA Living Center*, 570 So.2d 1172, 1174 (La. App. 5th Cir. 1990), *writ denied*, 571 So.2d 634 (La. 1990); *Shelvin v. Waste Management, Inc.*, 580 So.2d 1022, 1026 (La. App. 3rd Cir. 1991). The employer bears the burden of proof in overcoming the statutory presumption and showing that a claimant was not an employee for workers' compensation purposes. *Olivier v. Olivier Builders*, 09–208 (La. App. 3 Cir. 9/9/09), 19 So.3d 573, 581, *writ denied*, 09–2189 (La. 12/11/09), 23 So.3d 918.

Appellate review is governed by the manifest error or clearly wrong standard in worker's compensation cases. *Harrington v. Hebert*, 00–1548 (La. App. 3 Cir. 5/23/01), 789 So.2d 649, 652–653. An appellate court may only reverse a workers' compensation judge's factual determinations if it finds from the record that a reasonable factual basis for the finding does not exist, or that examination of the entire record reveals that the finding is clearly erroneous. *Winborne v. Sanderson Farms*, 06–2272 (La. App. 1 Cir. 9/14/07), 971 So.2d 342, 345. Where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.* Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the factfinder, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review where conflict exists in the testimony. *Id.*

Upon review of the entire record, we find that defendants failed to provide sufficient evidence to rebut the presumption of employment in this case. Mr. Chagnard, co-owner of DS & B Services, LLC, testified that Ms. Villatoro was an employee of DS & B Services, LLC on the day of her accident. The check paid to her for her work on the day of the accident came from the account of DS & B Services, LLC. Further, submitted into evidence was a W–2 Form from DS & B Services, LLC to Ms. Villatoro. Ms. Villatoro testified that she was employed by this company, the company listed on her W–2 Form, on the day she received her injuries. We note that she also testified that Mr. Buezo was her employer. However, Mr. Buezo testified that on the day of the accident, she was employed by DS & B Services, LLC. He admitted that she previously worked for him, but was not working for him on the day of the accident. Mr. Buezo, a Spanish speaker, admitted that he did communicate with DS & B's employees, telling them where they needed to go. Though Mr. Chagnard testified that he neither hired nor supervised Ms. Villatoro at work, he also admitted that because of his inability to speak Spanish, he could not communicate with his workers.

Considering the particular facts set forth through the testimony and evidence presented in the instant case, we find that a reasonable factual basis exists in the record for the workers' compensation judge's finding that on the day of the accident, Ms. Villatoro was employed by DS & B Services, LLC. We further cannot say that this finding is manifestly erroneous or clearly wrong. This assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER TWO

■ In their second assignment of error, defendants argue that the trial court erred by awarding indemnity benefits to Ms. Villatoro. They argue that the medical evidence indicates that she is "perfectly fine and suffers no disabling injury" as a result of her accident.

■ Under La. R.S. 23:1221(1)(c), to establish entitlement to temporary total disability benefits, a claimant must prove by clear and convincing evidence that she is physically unable to engage in any employment or self-employment due to her injury. *Veazie v. Gilchrist Const. Co.*, 04–118 (La. App. 3 Cir. 6/2/04), 878 So.2d 742, *writ denied*, 04–1692 (La. 10/8/04), 883 So.2d 1018. A claimant must introduce objective medical evidence to establish by clear and convincing evidence that she is unable to engage in any type of employment. *Fassitt v. Jefferson Parish Hosp. Serv.*, 07–695 (La. App. 5 Cir. 12/27/07), 974 So.2d 757, 760. The hearing officer must weigh all the evidence, medical and lay, in order to determine if the claimant has met her burden of proof. This factual finding should be given great weight and should not be overturned absent manifest

error. *Bailey v. Smelser Oil & Gas, Inc.*, 620 So.2d 277, 280 (La. 1993).

Ms. Villatoro's medical records were submitted into evidence at trial. Following the accident, she was brought by ambulance to LSU Interim Hospital with complaints of a headache and back pain. A CT scan of her head and spine were performed. The records note that the results were negative, but that she continued to have "significant neck pain." An "X-ray flexion and extension of cervical spine" was also performed and showed no abnormalities.

Ms. Villatoro then sought treatment at the Medical Rehab Accident Injury Center on June 4, 2014 with complaints of head, neck, shoulder, chest and back pain. She was treated by Dr. Michael Haydel. After an evaluation on June 4, 2014, Dr. Haydel noted, that "[p]atient presents with findings most consistent with sprain/strain of the cervical and lumbar region with associated neuritis and segmental dysfunction, thoracic myofascitis and posttraumatic headache." She was placed in the "off-work" status until further notice, and it was agreed that she would proceed with "aggressive physical therapy." Dr. Haydel also suggested she see a neurologist. Ms. Villatoro continued to see Dr. Haydel on numerous occasions throughout the year and into 2015. Throughout that time, he continuously suggested she have a cervical and lumbar MRI. He also continued to keep her on an "off-work" status. During her treatment, she also went to the emergency room at Ochsner Medical Center Kenner with the chief complaint of a headache that she had for several months.[5]

---

**5.** The records from Ochsner Medical Center Kenner were introduced into evidence. Contained therein is a letter by George N. Guzzardo, Jr., M.D., dated December 19, 2014, which stated: "Leticia Villatoro Acosta was seen and treated in our emergency department on 9/18/2014. She may return to work on 9/19/14."

On November 23, 2015, Dr. Haydel completed a work status report form and reported that Ms. Villatoro was unable to return to work in any capacity at the present time. He noted that she should remain off work pending the result of a recommended cervical and lumbar MRI. Ms. Villatoro also saw Dr. Bryant George, a neurologist, on December 8, 2015, who also recommended that she undergo an MRI of her cervical and lumbar spine "in search of an etiology of her persistent symptomatology."

Defendants submitted into evidence the independent medical examiner's ("IME") report of Dr. Gordon Nutik, whom Ms. Villatoro saw once on September 1, 2015. Dr. Nutik concluded in his report that Ms. Villatoro sustained soft tissue strains about the neck, mid-back, and left shoulder associated with the fall. He noted that "[d]ue to the inconsistencies noted at the time of this examination, it is difficult to provide an opinion concerning her physical capacity, however I felt she was capable of at least a sedentary level of work based on this examination. I feel she should have reached maximum improvement and feel that most soft issue injuries resolve over approximately a three month period."

La. R.S. 23:1123, which provides for the appointment of an IME when there is a conflict in the medical evidence, provides that the report of the IME shall be *prima facie* evidence of the facts therein stated. The courts have interpreted La. R.S. 23:1123 to mean that an IME's medical conclusions should be given significant weight because the IME is an objective witness. *Fritz v. Home Furniture–Lafayette*, 95–1705 (La. App. 3 Cir. 7/24/96), 677 So.2d 1132, 1136. Nevertheless, the opinion of the IME is not conclusive, and the trial judge must evaluate all of the evidence presented in making a decision as to the claimant's condition. *Jennings Am. Legion*

*Hosp. v. Daigle*, 01–621 (La. App. 3 Cir. 11/14/01), 801 So.2d 550, 553, *writ denied*, 01–3294 (La. 9/5/03), 852 So.2d 1038. The weight given to the testimony of an IME can be lesser or greater depending on the qualifications or expertise of the physician, the type of examination he performs, his opportunity to observe the patient, his review of other physicians' examinations and tests, and any other relevant factors. *Id.*

Ms. Villatoro testified that she had not been in any accident either before or after the subject accident and had never previously seen a doctor for neck or back pain. The medical records from Medical Rehab reveal that she suffered from cervical and lumbar sprains and brachial and lumbar neuritis. Her treating physician recommended that she not work until she had an MRI. Her neurologist, Dr. George, also suggested she have an MRI. Though the IME noted with "difficulty" that she was at least capable of sedentary work, it also noted that a full assessment of her limitations is essential and had not been completed.

Considering the evidence presented in the instant case, we find that a reasonable factual basis exists in the record for the workers' compensation judge's finding that Ms. Villatoro is entitled to temporary total disability benefits. Further, we cannot say that this finding is manifestly erroneous or clearly wrong. This assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER THREE

In their third assignment of error, defendants argue that the trial court erred in finding that DS & B Services, LLC failed to reasonably controvert Ms. Villatoro's claim and in awarding attorney's fees and penalties pursuant to La. R.S. 23:1201(f).

■ An employer's obligation to provide medical treatment to his injured employee is governed by La. R.S. 23:1201, *et seq.* Under La. R.S. 23:1201(f), an employer may be liable for penalties and attorney's fees for his failure to authorize medical treatment except where the claim is reasonably controverted. *Authement v. Shappert Engineering*, 02–1631 (La. 2/25/03), 840 So.2d 1181, 1186. Whether a claim is reasonably controverted depends on whether the employer or its insurer engaged in a nonfrivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time it refused to pay the benefit allegedly owed. *Cortez v. East Jefferson General Hospital*, 08–653 (La. App. 5 Cir. 1/13/09), 7 So.3d 707, 714, *writ denied*, 09–320 (La. 4/3/09), 6 So.3d 775.

■ Awards of penalties and attorney's fees under the Louisiana Workers' Compensation Act are essentially penal in nature, and are imposed to deter indifference and undesirable conduct by employers and their insurers toward injured workers. *Jimmerson v. Johnson Storage & Moving Co.*, 13–962 (La. App. 5 Cir. 5/14/14), 142 So.3d 111, 118. The workers' compensation judge has great discretion in the award of penalties and attorney's fees and such discretion will not be disturbed on appeal unless clearly wrong. *Id.* at 119.

In the present case, the trial court found in its written reasons for judgment that defendants provided no valid reason for the denial of benefits, noting that "[t]he owners of DS & B admitted that Claimant was an employee, the paystubs and W–2 tax forms show that she was an employee, the accident was not disputed, and there is a lack of evidence to show that Claimant is not disabled and thus not entitled to indemnity benefits."

Considering the evidence presented in the instant case, we find that the workers' compensation judge erred in concluding that defendants provided no valid reason for the denial of benefits. This case presented a contested factual issue regarding who employed Ms. Villatoro at the time of her accident. Defendants presented evidence to support their argument that Ms. Villatoro was employed by Mr. Buezo, and not defendants, at the time of her accident. The evidence included Ms. Villatoro's own testimony that Mr. Buezo was her employer at the time of the accident and that he hired and paid her. Defendants also presented a pay stub showing that Ms. Villatoro was paid by Mr. Buezo just the week before the accident. We find that the factual information presented by defendants in this case establish that they had a reasonable basis to believe that compensation benefits were not due to Ms. Villatoro. Under these circumstances, we find that the claim was reasonably controverted, and thus the workers' compensation judge erred in assessing penalties and attorney's fees on this issue. We accordingly reverse the judgment insofar as it awards Ms. Villatoro penalties and attorney's fees for defendants' failure to pay indemnity benefits and medical expenses to her.

## INCREASE IN ATTORNEY'S FEES ON APPEAL

■ Contemporaneously with the filing of her appellate brief, Ms. Villatoro filed a motion for increase in attorney's fees for work done on the appeal. In the context of workers' compensation, attorney's fees on appeal are appropriate when the employer appeals, obtains no relief, and the appeal necessitates additional work for the employee's counsel, provided the employee properly requests the in-

crease. *Wilson v. Glazer's Distribs. of La., Inc.*, 15–493 (La.App. 5 Cir. 1/27/16), 185 So.3d 891, 900.

La. C.C.P. art. 2133(A) provides, in pertinent part:

> An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. . . .

The record in this case was lodged on the return date, May 25, 2016. Ms. Villatoro's motion and brief were not filed until July 13, 2016. Ms. Villatoro's motion, if construed as an answer to the appeal, was untimely, as it was filed more than fifteen days after the return day/lodging of the record. We therefore deny Ms. Villatoro's request for an increase in attorney's fees for work done on the appeal as untimely.

### CONCLUSION

For the foregoing reasons, the OWC judgment under review is reversed insofar as it awards plaintiff/appellee penalties and attorney's fees for defendants' failure to pay indemnity benefits and medical expenses to her; the judgment is affirmed in all other respects. Plaintiff/appellee's request for additional attorney's fees on appeal is denied.

**AFFIRMED IN PART; REVERSED IN PART**